# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

### NO. 03-11-00791-CV

**Juan Enriquez, Appellant**

**v.**

**Brad Livingston, in his Official Capacity as the Executive Director of the Texas Department of Criminal Justice; Rick Thaler; John Rupert; Brian Tucker; and David Langston, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-10-001559, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

---

### NO. 03-11-00792-CV

**Juan Enriquez, Appellant**

**v.**

**Brad Livingston, in his Official Capacity as the Executive Director of the Texas Department of Criminal Justice; Rick Thaler; John Rupert; Brian Tucker; and David Langston, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT NO. D-1-GN-10-001996, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

---

## O P I N I O N

We withdraw our opinion and judgment dated November 8, 2012, and substitute the following in its place. The State's motion for rehearing is overruled.

In this appeal, Juan Enriquez challenges the dismissal of his lawsuit for want of prosecution and the denial of his motion to retain and his later motion to reinstate.[1] Because Enriquez never obtained service on the named defendants, who are listed as appellees herein, there is no appellees' brief; at this Court's request, the State filed a brief as *amicus curiae*. We reverse the trial court's judgment and remand the cause for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

Enriquez, an inmate in a Texas Department of Criminal Justice ("the Department") prison, filed a lawsuit against several Department officials alleging that they refused him access to adequate medical treatment for a tooth cavity. Enriquez alleged that, as a result of the defendants' actions, he suffered episodes of "acute and extreme pain" for seventeen months.

After the suit had been on file for a substantial period of time, the trial court notified Enriquez that the case was set for dismissal for want of prosecution on June 3, 2011. Enriquez filed a "Motion to Advance or Reset Hearing Date of Dismissal Setting" as well as a "Verified Motion to Retain and Motion for Evidentiary Hearing." Without holding an oral hearing, the trial court

---

[1] Enriquez appears to have filed two virtually identical petitions in the district court, both of which proceeded independently and both of which were ultimately dismissed for want of prosecution. Enriquez appealed both judgments of dismissal; we assigned Cause No. 03-11-00791-CV to the first appeal and Cause No. 03-11-00792-CV to the second. The motions to retain in the two cases used different words in certain sections but were not substantively different. The motions to reinstate were also substantially identical. Because the two cases raise identical issues, we decide both appeals together.

2

found that no citation had been issued or served on the defendants despite the fact that the suit had been pending for more than a year. Citing a local rule providing that cases on file for more than 180 days with no answer filed are eligible for dismissal, the court signed an order dismissing the case on August 24, 2011. *See* Travis (Tex.) Civ. Dist. Ct. Loc. R. 8.1. Enriquez subsequently filed a "Verified Motion to Reinstate and Motion for Evidentiary Hearing," which the trial court denied without an oral hearing. Enriquez perfected this appeal.

## STANDARD OF REVIEW

We review the trial court's dismissal for want of prosecution for a clear abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *State v. Rotello*, 671 S.W.2d 507, 508 (Tex. 1984). We also apply an abuse-of-discretion standard to the denial of a motion to reinstate. *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995); *Cappetta v. Hermes*, 222 S.W.3d 160, 164 (Tex. App.—San Antonio 2006, no pet.). A trial court abuses its discretion when it acts "arbitrarily or unreasonably, without reference to guiding rules or principles." *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011).

## DISCUSSION

Enriquez raises three issues on appeal related to the dismissal of his case for want of prosecution. He argues that the trial court (1) did not give him proper notice of its intent to dismiss, (2) should have afforded him an oral hearing before dismissing, and (3) after dismissing should have held an oral hearing to consider his motion to reinstate. For simplicity's sake, we discuss the events of No. 03-11-00791-CV, which are substantively identical to those in No. 03-11-00792-CV.

3

*Insufficient Notice of Intent to Dismiss*

Enriquez asserts in his first issue that the trial court did not give him the notice that Texas Rule of Civil Procedure 165a requires before dismissing the suit for want of prosecution. The original notice sent to Enriquez is not in the record, but Enriquez states in his appellant's brief that on May 22, 2011, he "received a notice of court setting of June 3, 2011, to dismiss this case for want of prosecution unless a motion to retain is filed prior to that date." That statement being uncontradicted, we will accept it as true. *See* Tex. R. App. P. 38.1(g). Enriquez's real complaint about the notice seems to be that the trial court did not actually sign the dismissal order until August 24, and he was not given notice that the court intended to dismiss on August 24. Indeed, his brief asserts that, "The evidence is legally insufficient to support the trial court's implied finding that notice was given to Enriquez that his case would be dismissed on August 24, 2011."

A trial court has authority to dismiss a case for want of prosecution either (1) under Rule 165a of the Texas Rules of Civil Procedure (for failure to appear for any hearing or trial or for failure to dispose of the case within the time standards promulgated by the supreme court under its administrative rules), or (2) under the court's inherent power under the common law. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Whichever source of authority the court uses, the plaintiff must be provided with "notice and an opportunity to be heard." *Id.* A failure to provide adequate notice of the court's intent to dismiss for want of prosecution requires reversal. *Id.* The central question as to this issue is what constitutes "adequate notice."

When a case is to be dismissed for want of prosecution under the authority of Rule 165a, that rule expressly sets forth the notice that must be provided:

4

> Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service.

Tex. R. Civ. P. 165a(1). There is nothing, however, indicating that the specificity of notice required for a Rule 165a(1) dismissal is also required for a notice of intent to dismiss under the trial court's inherent power. All that is required is sufficient notice to satisfy due process. *See Rohus v. Licona*, 942 S.W.2d 111, 112 (Tex. App.—Houston [1st Dist.] 1997, no writ). Thus, we must, as a threshold matter, determine whether the threatened dismissal for want of prosecution here was pursuant to Rule 165a or pursuant to the court's inherent power.

In the present case, the trial court's notice, as recited in Enriquez's brief, does not reference Rule 165a. There is no mention of a requirement to appear for any hearing or trial, nor any failure to appear. Nor is there any mention of a failure to abide by the time standards in the supreme court's administrative rules. The wording of the dismissal order is also consistent with an inherent-power dismissal. The order recites that the case was pending for fifteen months without service of citation or the filing of an answer. The order makes no mention of Enriquez's failure to appear at any hearing or trial. The dismissal order cites a local rule of court that provides that cases may be dismissed by the court in two instances: (1) when no answer is filed in a case on file for more than 180 days, or (2) when a case has been on file for 18 months with no trial setting or filings within 180 days. *See* Travis (Tex.) Civ. Dist. Ct. Loc. R. 8.1. The local rule does not refer to the specific grounds for dismissal under Rule of Civil Procedure 165a but seems to provide a standard for dismissal under the court's inherent power for lack of diligence. Considering these facts

5

together, we conclude that the dismissal in the present case was not based on Rule 165a but rather on the trial court's inherent power to dismiss a suit for want of prosecution for lack of diligence. Accordingly, the notice did not need to satisfy the specific requirements of Rule 165a(1) but merely needed to be adequate to satisfy due process.

As described in his appellant's brief, the notice obviously alerted Enriquez that his suit was subject to being dismissed for want of prosecution as early as June 3, 2011. Enriquez does not contend that he had insufficient time to respond to the threatened dismissal. According to his own brief, he filed three responsive pleadings before the dismissal order was eventually signed. As recited in the dismissal order, the trial court considered those responses. Indeed, the dismissal order began: "On the 24th day of August, came for consideration Plaintiff's Motion to Advance or Reset Hearing Date of Dismissal Setting filed on or about June 3, 2011 and the Plaintiff's Verified Motion to Retain and Motion for Evidentiary Hearing filed on or about June 24, 2011 in the above-referenced cause." We conclude that the notice was adequate to satisfy due process.

Finally, we do not consider it significant that the dismissal order was signed on August 24 when the notice stated a "court setting" date of June 3. In this context, the stating of a setting date merely had the effect of establishing a deadline for Enriquez to file a response or motion to retain. *Cf. Martin v. Martin, Martin & Richards*, 989 S.W.2d 357, 359 (Tex. 1998) (Tex. R. Civ. P. 166a calls for "hearing" on summary-judgment motion; although that hearing need not be oral hearing, notice of hearing date is required because "[t]he hearing date determines the time for response to the motion; without notice of hearing, the respondent cannot know when the response is due"). We overrule Enriquez's first issue.

6

*Failure to Hold Oral Hearing Before Dismissing*

Enriquez complains in his second issue that the trial court erred by failing to conduct an oral hearing before dismissing his suit. As stated above, before a suit may be dismissed for want of prosecution, the trial court must not only provide the plaintiff with notice of the court's intent to dismiss but must also provide the plaintiff "an opportunity to be heard." Thus, the question here is whether the requirement for an "opportunity to be heard" mandates an oral hearing.

It is well settled that a requirement to hold a "hearing," whether imposed by rule or statute, does not necessarily obligate the trial court to hold an *oral hearing*. *Gulf Coast Inv. Corp. v. NASA 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988). The supreme court held in *Gulf Coast* that "[u]nless required by the express language or the context of the particular rule, therefore, the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court." *Id.* Texas courts have held in numerous situations that an oral hearing was not required even though the applicable rule or statute called for a "hearing." *See, e.g.*, *Cire v. Cummings*, 134 S.W.3d 835, 843-44 (Tex. 2004) ("Rule 215.3, which authorizes a trial court to impose sanctions, does require 'notice and hearing' before sanctions are imposed. . . . However, nothing in the rule indicates that this must be an 'oral hearing.'"); *Martin*, 989 S.W.2d at 359 (summary judgment—Tex. R. Civ. P. 166a); *Roberts v. Texas Bd. of Pardons & Parole*, No. 01-09-01058-CV, 2011 WL 2435744, at *2-3 (Tex. App.—Houston [1st Dist.] June 16, 2011, no pet.) (mem. op.) ("The trial court is required [by the Code of Criminal Procedure] to set a hearing on a petition for expunction. . . . Such hearing, however, does not necessarily have to be an oral hearing."); *Perkins v. Groff*, 936 S.W.2d 661, 666 (Tex. App.—Dallas 1996, writ denied) ("We hold that when a party files a motion requesting affirmative relief and the judge considers the merits of

7

the arguments and rules on the matter, there has been a hearing within the meaning of section 74.053 [of the government code, concerning requirements for making an objection to an assigned judge]. The statute contemplates a presentation of argument accompanied by judicial examination and a ruling. To constitute a 'hearing,' oral argument is not necessary.").

This does not make a requirement of a "hearing" meaningless. As noted above, the supreme court has held, in the context of summary-judgment procedure, that "[t]he hearing date [contained in the notice] determines the time for response to the motion." *Martin*, 989 S.W.2d at 359. This logic applies with equal force to dismissals for want of prosecution. The date stated in the dismissal notice served to inform Enriquez of the deadline by which he should file any response or motion to retain or risk losing his "opportunity to be heard."

Generally, due process does not require an oral hearing on a motion but only an opportunity to respond at a meaningful time and in a meaningful manner. *Long v. Yurrick*, 319 S.W.3d 944, 948 (Tex. App.—Austin 2010, no pet.). We see no reason why the "opportunity to be heard" necessary for due process before a suit may be dismissed for want of prosecution under the court's inherent power should necessitate an oral hearing. A plaintiff whose suit is threatened with dismissal for want of prosecution has an adequate opportunity through written response, including affidavits if necessary, to show why his case should be retained on the court's docket. That is exactly what Enriquez did here, and the trial court considered his responses before dismissing the suit.

We are aware of two cases containing language that could be read as supporting the proposition that an oral hearing is required for an inherent-power dismissal for want of prosecution. *See Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet.

8

denied); *Woods v. Schoenhofen*, 302 S.W.3d 576, 578 (Tex. App.—Amarillo 2009, pet. denied). In *Franklin*, the court, after discussing the existence of both Rule 165a and a court's inherent power as bases for a dismissal for want of prosecution, stated: "Regardless of the grounds for dismissal, however, the trial court ordinarily is required to provide notice of a hearing *and conduct an oral hearing* prior to dismissal." 53 S.W.3d at 401 (emphasis added). Cited as support for this proposition were *Villarreal*, 994 S.W.2d at 630, 631 n.4, and *Brown v. Brookshires Grocery Store*, 10 S.W.3d 351, 354 (Tex. App.—Dallas 1999, pet. denied). Neither case supports the proposition. Moreover, the dismissal notice sent to the plaintiff in *Franklin* expressly stated that the case was "subject to dismissal for want of prosecution *pursuant to rule 165a of the Texas Rules of Civil Procedure*." 53 S.W.3d at 400 (emphasis added). Thus, *Franklin* did not even involve an inherent-power dismissal. And in *Woods*, the court simply quoted the foregoing statement from *Franklin* without analysis. 302 S.W.3d at 578. We are not persuaded by these cases.

We hold that the trial court did not err by failing to provide Enriquez an oral hearing before dismissing his suit for want of prosecution pursuant to the court's inherent power.[2] We overrule Enriquez's second issue.

---

[2] There is an apparent disagreement among Texas courts as to whether the trial court is required to hold an oral hearing before dismissing a suit *even under the authority of Rule 165a*. *Compare Brown v. Brookshires Grocery Store*, 10 S.W.3d 351, 354 (Tex. App.—Dallas 1999, pet. denied) ("We also hold that the context of [Rule 165a(1)], which provides for notice of a specific date and place for the hearing, requires an oral hearing at which the opportunity for a personal appearance and oral presentation is afforded."), *with Comeaux v. Gage*, No. 09-11-00254-CV, 2012 WL 1249236, at *2 (Tex. App.—Beaumont Apr. 12, 2012, pet. denied) (mem. op.) (in suit dismissed pursuant to Rule 165a(1), "the trial court was not required to hold an oral hearing or permit Comeaux to personally appear before dismissing Comeaux's lawsuit. . . . All that is required is notice and an opportunity to be heard."). Because the dismissal in the present case was not done under Rule 165a(1) but instead under the court's inherent power, we need not address this question.

***Failure to Hold Oral Hearing on Motion to Reinstate***

In his third issue, Enriquez asserts that the trial court erred in not holding an oral hearing on his motion to reinstate. The Texas Supreme Court has held that a movant who files a timely request for reinstatement under Rule 165a is entitled to an oral hearing. *Gulf Coast Inv. Corp.*, 754 S.W.2d at 153 ("It is clear that an oral hearing is required on any timely filed motion to reinstate under Tex. R. Civ. P. 165a."). As discussed above, the supreme court in *Gulf Coast* also held that the mere use of the term "hearing" does not necessarily obligate the trial court to hold an *oral* hearing. *Id.* Thus, the court in *Gulf Coast* concluded that the specific language of Rule 165a(3) requiring that the trial court "shall set a hearing on the motion [to reinstate] as soon as practicable" and that the court "shall notify all parties or their attorneys of record of the date, time and place of the hearing" was enough to require that an oral hearing be held. *Id.* Accordingly, a trial court has no discretion to refuse an oral hearing on a motion to reinstate. *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991) ("[I]t was not within the discretion of the trial court to fail to hold an oral hearing on the motion to reinstate."); *see also In re Marriage of Salas*, No. 12-12-00237-CV, 2012 WL 5031429, at *2 (Tex. App.—Tyler Oct. 17, 2012, no pet.) (mem. op.) ("Once a motion to reinstate meets the threshold requirements of being timely filed and verified, a hearing must be held on it regardless of whether the motion states meritorious grounds or whether the facts verified in the motion are sufficient to sustain the movant's burden of proof to warrant reinstatement."); *Reed v. City of Dallas*, 774 S.W.2d 384, 385 (Tex. App.—Dallas 1989, writ denied) (trial court has no discretion as to whether to grant oral hearing on timely and properly verified motion to reinstate).

In the present case, although the motion to reinstate contained a request for an evidentiary hearing, there is no indication in the record that Enriquez himself actually set the motion for an oral hearing or otherwise directly notified the trial judge of his request for an oral hearing. We recognize that some Texas courts—primarily the 14th Court of Appeals in Houston—have held that the burden is on the movant himself to set an oral hearing or in some way call the request for oral hearing directly to the trial court's attention and that a movant's failure to do so prevents the court's failure to hold an oral hearing on a motion to reinstate from being reversible error. *See Weir v. Abebe Baraki*, No. 05-07-00223-CV, 2008 WL 588917, at *1 (Tex. App.—Dallas Mar. 5, 2008, no pet.) (mem. op.) (single line in motion to reinstate asking for hearing was not sufficient to alert trial court that motion needed to be set for oral hearing; therefore, error not shown); *Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 6 n.3 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("Before trial court error can be found in the failure to set a hearing on a motion to reinstate, the movant must request a hearing."); *Johnson v. Sepulveda*, 178 S.W.3d 117, 119 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (before trial court error can be found in failure to set hearing on motion to reinstate, movant must request hearing); *Rainbow Home Health, Inc. v. Schmidt*, 76 S.W.3d 53, 57 (Tex. App.—San Antonio 2002, pet. denied) (no error in failing to hold oral hearing on motion to reinstate because "there is no evidence in the record that Appellants filed a fiat, sent a letter, or made some other communication to the trial court in which they requested a hearing on the motion"); *Cabrera v. Cedarapids Inc.*, 834 S.W.2d 615, 618 (Tex. App.—Houston [14th Dist.] 1992, writ denied) ("Clearly before trial court error can be found in the failure to set a hearing on a motion to reinstate the movant must request a hearing."); *Stromberg Carlberg Leasing Corp. v. Central Welding Supply*

11

*Co.*, 750 S.W.2d 862, 867 (Tex. App.—Houston [14th Dist.] 1988, no writ) (burden to procure hearing on motion to reinstate is on party dismissed, not trial judge).

We decline to follow these cases. We believe the better-reasoned decisions place the burden on the judge to set an oral hearing on a motion to reinstate. *See George v. State*, No. 06-11-00071-CV, 2012 WL 112656, at *2 (Tex. App.—Texarkana Jan. 13, 2012, no pet.) (mem. op.) (trial court has no discretion about whether to set motion to reinstate for oral hearing; whether movant requests hearing is irrelevant); *Dominguez v. Smith*, No. 09-09-00455-CV, 2010 WL 2541914, at *3 (Tex. App.—Beaumont June 24, 2010, no pet.) (mem. op.) (as amended, Rule 165a(3) places burden on clerk to deliver motion to judge and on judge to set oral hearing); *Matheson v. American Carbonics*, 867 S.W.2d 146, 147-48 (Tex. App.—Texarkana 1993, no writ) (holding that, based on amendment to rule 165a(3), *Cabrera v. Cedarapids Inc.* "was incorrectly decided" and that "[w]hether or not the movant requests a hearing on a motion to reinstate is irrelevant; a hearing is required unless waived"); *Johnson v. Patrick*, No. 01-90-00922-CV; 1992 WL 23627, at *2 (Tex. App.—Houston [1st Dist.] Feb. 13, 1992, no writ) (not designated for publication) ("Because the requirement to conduct an oral hearing lies with the trial court, the movant is not required to request a hearing."); *Bush v. Ward*, 747 S.W.2d 43, 45 (Tex. App.—Beaumont 1988, no writ) ("There is ample authority under the old rule which holds that the burden was on the movant to present the motion to the court and to secure a hearing. . . . The [amended] rule now clearly places the burden upon the clerk to deliver the motion to the judge who shall set a hearing.").

It is certainly true that, for many types of motions, the movant has the burden to set a hearing on his motion or make a direct request to a trial judge for a hearing. This is because motions are usually handled by the court clerk and are placed—physically or electronically—in the case file, meaning that a busy trial judge will, in all likelihood, not even be aware that the motion has been filed. The procedure for motions to reinstate, however, is different.[3] First, Rule 165a has, since its adoption in 1973, required the trial judge to set a hearing on a motion to reinstate as soon as practicable and to notify the parties or their attorneys of record of the date, time, and place of the hearing. As noted above, the supreme court has held unequivocally that this language in Rule 165a(3) requires an oral hearing on all motions to reinstate. *See Gulf Coast Inv. Corp.*, 754 S.W.2d at 153. And perhaps most important, the court clerk has, since the 1984 amendment to Rule 165a(3), been specifically required to deliver a copy of any motion to reinstate to the trial judge.

Thus, we must presume that a court clerk has complied with the mandatory language of amended Rule 165a(3) and delivered a copy of the motion to the trial judge. Upon receiving a copy of a motion to reinstate from the court clerk, a trial judge knows, by virtue of the express language of Rule 165a(3) and the relevant Texas Supreme Court holdings, that he or she is

---

[3] "The same reinstatement procedures . . . are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power . . . ." Tex. R. Civ. P. 165a(4); *see also Gilbert v. Huber, Hunt, Nichols, Inc.*, 671 S.W.2d 869, 870 (Tex. 1984) ("We hold a trial court's reinstatement of a cause following dismissal for want of prosecution *for whatever reason* is governed by the timetable contained in Rule 165a." (Emphasis added.)); *Sierra Club v. Texas Comm'n on Envtl. Quality*, 188 S.W.3d 220, 222 (Tex. App.—Austin 2005, no pet.) ("[T]he rule 165a reinstatement procedure applies to all dismissals for want of prosecution, regardless of whether they are initiated by the court or motion of a party."); *Smith v. McKee*, 145 S.W.3d 299, 305 (Tex. App.—Fort Worth 2004, no pet.) ("The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution, including cases that are dismissed pursuant to the court's inherent power.").

required—without discretion—to set the motion for an oral hearing and notify the parties of the date, time, and place of the hearing. In light of these requirements, it would be unnecessary and illogical to place the burden on the movant to obtain a setting for an oral hearing on such a motion or somehow directly communicate to the judge his desire for an oral hearing. Accordingly, we hold that a timely and properly verified motion to reinstate requires the trial court to hold an oral hearing on the motion without regard to whether the movant obtains a setting, prepares and files a fiat, sends a letter to the trial judge, or otherwise requests an oral hearing by some communication directly to the trial court. In the present case, therefore, the trial court abused its discretion when it denied Enriquez's motion to reinstate without an oral hearing.[4] We sustain Enriquez's third issue.[5]

---

[4] In any event, under the circumstances of the present case, we believe Enriquez adequately requested an oral hearing. His motion to reinstate was titled "Plaintiff's Verified Motion to Reinstate and Motion for Evidentiary Hearing." The motion was in fact verified, and the opening paragraph expressly requested the "oral hearing required by law for motions to reinstate." The motion's prayer asked that the motion "be set for hearing and that, after hearing evidence and argument," the court reinstate the case. In addition, the motion to reinstate was accompanied by a cover letter, which was addressed to the district clerk, that stated: "Rule 165a, Texas Rules of Civil Procedure, 'the clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable.' I request that you comply with this Rule as quickly as possible." Finally, the record contains a letter to Enriquez from the Travis County Court Administrator stating, "I have forwarded copies of your Motions to Reinstate . . . to the Honorable Lora J. Livingston for consideration."

[5] We do not address whether the trial court was required to issue a bench warrant to bring Enriquez physically to court, only that Rule 165a(3) requires an oral hearing. *Cf. In re M.A.R.*, No. 03-10-00444-CV, 2012 WL 593569, at *4 (Tex. App.—Austin Feb. 23, 2012, no pet.) (mem. op.) ("We therefore conclude that the trial court abused its discretion by implicitly denying Martinez's alternative request to appear by some effective means."); *In re A.W.*, 302 S.W.3d 925, 930 (Tex. App.—Dallas 2010, no pet.) ("By denying his request without allowing him to proceed by some other effective means [besides personal appearance], the trial court abused its discretion.").

14

## MOTION FOR REHEARING

The State has filed a motion for rehearing in which it argues that we erred in sustaining Enriquez's third issue because his motion to reinstate was not timely filed. Under the procedures required by Rule 165a(3), which apply to all motions to reinstate, a motion to reinstate must be "filed with the clerk within 30 days after the order of dismissal is signed." Tex. R. Civ. P. 165a(3). Here, the trial court's dismissal order was signed on August 24, 2011, and Enriquez certified that he placed his motion to reinstate in the prison mail system on September 23, 2011, the last day to file the motion. The motion bears the district clerk's file-stamped date of October 12, 2011. In our original opinion, we rejected, without discussion, the State's argument in its amicus brief that the trial court could have disbelieved the delivery date stated in Enriquez's certification, thereby obligating this Court to presume an implied finding by the trial court that Enriquez's motion to reinstate had not in fact been placed in the prison mail system on September 23 and therefore was untimely. The State argues in its motion for rehearing that our prior opinion "legislates from the bench" and effectively holds that the trial court is obligated to take as true any inmate statement regarding the date on which he placed a pleading in the outgoing prison mailbox. We make no such holding. We hold only that once the inmate has provided adequate proof of the date he turned his court pleading over to prison authorities for mailing, the burden shifts to the opposing party to rebut the inmate's evidence.

The Texas Supreme Court has adopted a "prisoner mailbox rule" for court filings by pro se inmates. That rule deems their petitions filed with the clerk of the court "at the time the prison authorities duly receive the document to be mailed." *Warner v. Glass*, 135 S.W.3d 681, 684

(Tex. 2004); *see also Ramos v. Richardson*, 228 S.W.3d 671, 673-74 (Tex. 2007) (extending mailbox rule to civil suits filed by pro se inmates outside of context of Inmate Litigation Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–.014 (West Supp. 2012)). The Texas Court of Criminal Appeals has also adopted the prisoner mailbox rule. *See Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010) (adopting mailbox rule for pro se inmate filings in criminal appeals). In *Ramos*, the supreme court held that an inmate has the burden of providing "some measure of proof" regarding the date that he turned his pleading over to prison authorities for mailing. 228 S.W.3d at 673. There, the supreme court accepted as sufficient proof statements contained in the filing letter and certificate of service accompanying Ramos's petitions regarding the date he gave the documents to the prison authorities to be mailed. *Id.*

In the present case, Enriquez included in his motion to reinstate a "mailbox filing verification" reciting the date he says he placed the motion into the prison mail system. In addition, the certificate of service attached to the motion recites the same date, September 23, 2011. The trial court clerk filed Enriquez's motion nineteen days later. As the State points out, Enriquez might have been able to take further steps to confirm the date he mailed his motion, such as by requesting a mailing verification from the Department or a certificate of mailing from the U.S. Postal Service. Nonetheless, we think that a dated certificate of service combined with a "mailbox filing verification" constitutes "some measure of proof" entitling him to the benefit of the "prisoner mailbox rule."[6] *See id.*; *Wanzer v. Longoria*, No. 04-05-00490-CV, 2006 WL 1814305, at *2 (Tex. App.—San Antonio July 5, 2006, pet. denied) (mem. op.) ("In his verified motion to vacate the

---

[6] We express no opinion as to whether a lesser amount of proof might have been sufficient.

16

dismissal order, Wanzer again states he delivered his petition to prison officials on April 7, 2004. Therefore, under *Warner*, the trial court erred in dismissing Wanzer's suit as untimely filed."); *Witherspoon v. Johnson*, No. 04-04-00371-CV, 2004 WL 2803410, at *1 (Tex. App.—San Antonio Dec. 8, 2004, no pet.) (mem. op.) ("Because the uncontroverted evidence indicates Witherspoon's claim was timely received by the proper prison authority, we hold Witherspoon's claim was timely filed.").

We understand the supreme court's holding in *Ramos* to mean that once the inmate has provided "some measure of proof" that he placed his petition in the hands of prison authorities for mailing on or before the date it was due to be filed, the burden shifts to the State to offer rebuttal evidence. *Ramos*, 228 S.W.3d at 673. Here, the State offered no rebuttal evidence, despite the apparent ease with which it could have shown the date Enriquez delivered his motion to reinstate to prison officials:

> As for concerns about increasing disputes and uncertainty over when a filing occurred, the [United States Supreme] Court recognized that "[t]he pro se prisoner does not anonymously drop his notice of appeal in a public mailbox—he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date." "Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the pro se prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one."

*Campbell*, 320 S.W.3d at 342-43 (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)).

The State argues, however, that the trial court, as fact-finder, was authorized to disbelieve Enriquez on the basis, for example, that his motion took longer than some other filings

to reach the trial court and that Enriquez did not offer an explanation for the delay. We disagree. Texas courts adopted the prisoner mailbox rule precisely because the "unique circumstances" of incarceration make it difficult if not impossible for a pro se inmate to monitor his filing once he turns it over to prison authorities for mailing, determine the source of a delay, or take steps to remedy it.[7] *Campbell*, 320 S.W.3d at 343-44. In sum, we hold that because the proof offered by Enriquez was adequate under the standard announced by the supreme court, and because the State offered no evidence to rebut that proof, the motion to reinstate was timely under the prisoner mailbox rule.

## CONCLUSION

Having sustained Enriquez's third issue, we reverse the trial court's judgment of dismissal and remand the cause to that court for further proceedings consistent with this opinion.

---

[7] The State cites to several inmate-litigation cases in which the delay between the purported date of mailing and the date of receipt by the court clerk was substantially longer and implies that our holding could contribute to inmate-caused delays in resolving litigation with finality. We think the State's concerns are overstated; two of the cited cases involved wholly unsupported allegations that prison or court officials obstructed the timely filing of the inmate's petitions, and none of them appear to have included any certificate of service or a mailbox verification. *See Trevino v. Ravenburg*, No. 10-11-00245-CV, 2012 WL 1435188, at *3 (Tex. App.—Waco Apr. 25, 2012, pet. struck) (mem. op.); *Horrice v. Fondren*, No. 02-05-00063-CV, 2006 WL 416973, at *2 (Tex. App.—Fort Worth Feb. 23, 2006, no pet.) (mem. op.); *Hardy v. Villereal*, No. 14-04-00821-CV, 2006 WL 771880, at *1 (Tex. App.—Houston [14th Dist.] Mar. 28, 2006, no pet.) (mem. op.). In any event, we express no opinion as to whether the length of delay alone could, under the right circumstances, be enough to raise a fact issue regarding the veracity of an inmate's statement. We hold only that in this case a delay of 19 days does not, by itself, constitute sufficient evidence to rebut Enriquez's verification.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose
  Dissenting Opinion by Justice Pemberton

Reversed and Remanded on Motion for Rehearing

Filed:   March 20, 2013

19