

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00216-CV

RONALD GENE PARKER ET UX, MELISSA DANE PARKER, APPELLANTS

V.

TRACY DYLAN CAIN, JR., APPELLEE

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 36,363, Honorable Phil N. Vanderpool, Presiding

November 15, 2016

OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Ronald Gene Parker and Melissa Dane Parker (collectively, "Parker") appeal from orders of the trial court that dismissed their pending lawsuit against Tracy Dylan Cain, Jr. Through three issues, Parker contends that the trial court abused its discretion by: (1) failing to hold an evidentiary hearing on Parker's motion to reinstate; (2) allowing Parker's motion to reinstate and/or motion for new trial to be overruled by operation of law; and (3) overruling Parker's first amended motion to retain the case. We will affirm in part and reverse and remand in part.

## Factual and Procedural Background

On January 26, 2011, Parker filed an original petition against Cain contending that Cain was negligent in causing a collision with the rear end of Parker's vehicle. Parker further alleged that, as a result of Cain's negligence, Parker suffered personal injuries that required medical treatment and would require additional medical treatment in the future. Cain answered the lawsuit by a general denial filed on February 17, 2011. The clerk's record reveals no further action on the case until Cain's attorney requested a trial setting in a letter to the trial court on February 18, 2016. The trial court responded with a letter on February 23, stating that the trial court's review of the file revealed no activity on the case in the previous three and one-half years and that the matter "is eligible for dismissal for want of prosecution." The trial court enclosed a "Court's Notice of Intent to Dismiss for Want of Prosecution." The notice from the trial court indicated that, pursuant to Texas Rule of Civil Procedure 165a, the trial court intends to dismiss the case for want of prosecution at 9:30 a.m. on March 17. *See* TEX. R. CIV. P. 165a.[1] A dismissal hearing was scheduled for that time and date.

Parker's counsel responded with an original and first amended motion to retain the case on the trial court's docket. After calling the case at the time specified in the notice of intent to dismiss, the trial court entered its order dismissing the case pursuant to Rule 165a. There is no reporter's record indicating what the trial court heard prior to ordering dismissal. In the order dismissing the case, the trial court found that there was no good cause to maintain the case on its docket. The trial court's order dismissed the cause with prejudice.

---

[1] Further reference to the Texas Rules of Civil Procedure will be by reference to "Rule ____."

Following the trial court's order of dismissal, Parker filed a motion for new trial on April 18, and a motion to reinstate the case on the same date. There was no hearing held on either motion and they were both subsequently overruled by operation of law.

Parker properly perfected appeal and now presents three issues for the Court's consideration. Parker's contentions are that the trial court abused its discretion: (1) by failing to hold an evidentiary hearing on the motion to reinstate; (2) by allowing the motion to reinstate and/or the motion for new trial to be overruled by operation of law; and (3) by overruling the first amended motion to retain the case on the docket. We will affirm in part and reverse and remand in part.

### Denial of Motion to Retain

We will address Parker's third issue first because a resolution of that issue would provide the greatest relief to Parker. *See* TEX. R. APP. P. 47.1. By this issue, Parker contends that the trial court's action in denying the motion to retain was an abuse of discretion.[2]

Standard of Review and Applicable Law

We review a trial court's decision to dismiss a case for want of prosecution under a clear abuse of discretion standard. *Enriquez v. Livingston,* 400 S.W.3d 610, 614 (Tex. App.—Austin 2013, pet. denied) (op. on reh'g) (citing *MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex. 1984) (per curiam)). A trial court abuses its discretion if it acts without reference to any guiding rules and principles, or if its action is arbitrary or unreasonable

---

[2] Contained within Parker's third issue is the contention that the abuse of discretion complained of also applies to Parker's motion to reinstate. Those matters will be addressed in conjunction with Parker's first and second issue.

under the circumstances of the particular case. *Manning v. North,* 82 S.W.3d 706, 709 (Tex. App.—Amarillo 2002, no pet.). The burden of proof rests upon the litigant urging an abuse of discretion. *Id.* Finally, a trial court has the authority to dismiss a case for want of prosecution under either: (1) Rule 165a; or (2) the court's inherent power under common law. *See In re Conner,* 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding) (per curiam).

Analysis

In an effort to retain their case on the trial court's docket, Parker's attorney filed a motion to retain the case. Contained within that motion was the affidavit of Parker's trial counsel. The allegations contained in the affidavit boil down to the following particulars:

1. Trial counsel has problems with his voice if a trial lasts more than one or two days. Trial counsel is approaching 80 years of age and lacks the stamina to try cases.
2. Trial counsel estimates the case will take three to four days to try.
3. The various steps that trial counsel has taken over a period of the preceding three to four years to hire an associate or engage another attorney to assist in the trial of the case.
4. The fact that the deposition of Melissa Parker has been taken.
5. Trial counsel's efforts, along with those of his legal assistant, in reviewing and cataloging approximately 1,500 pages of medical records.
6. That the newly retained attorney could be prepared to go to trial within the 45-day period suggested by opposing counsel in his letter requesting a setting on the case.

All of these factual matters were presented by the written motion to retain the case. Whether any other evidence was received or arguments of counsel were heard by the trial court is not apparent in the record before us.

4

However, what the clerk's record does disclose is that, after the original answer of Cain was filed on February 17, 2011, there was nothing else filed in the clerk's file until Cain's letter requesting a setting on February 23, 2016. That is a period of just over five years with no apparent activity. Based upon the record before the Court, we cannot say that the trial court abused its discretion in dismissing the case for want of prosecution. *See Manning,* 82 S.W.3d at 714. Accordingly, Parker's third issue is overruled.

Failure to Hold a Hearing on the Motion to Reinstate

By the first and second issue, Parker contends that the trial court abused its discretion when it failed to conduct an evidentiary hearing on the motion to reinstate or the motion for new trial. Because of our resolution of this matter, we will focus only on the motion to reinstate.

Standard of Review and Applicable Law

The standard of review for the trial court's denial of a motion to reinstate is abuse of discretion. *Enriquez,* 400 S.W.3d at 614. A trial court abuses its discretion if it acts without reference to any guiding rules and principles, or if its action is arbitrary or unreasonable under the circumstances of the particular case. *Manning,* 82 S.W.3d at 709.

Rule 165a(3) sets forth the procedure of filing a motion for reinstatement and the requirements for the court's clerk and the trial court regarding a motion to reinstate. Rule 165a(3) provides, as pertinent to this matter,

A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. **The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable.** The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

(emphasis added). There is no dispute that the motion to reinstate filed by Parker was verified and that it was filed timely. The record reflects no request for a hearing was attached to the motion to reinstate. However, the record further reveals that the motion to reinstate the case was filed and noted on the trial court's docket sheet on April 18, 2016. The sole question is whether the trial court was required to hold an evidentiary hearing on the motion.

Parker cites the Court to *Thordson* for the proposition that Rule 165a requires the trial court to hold a hearing as soon as practicable. *See Thordson v. Houston,* 815 S.W.2d 550 (Tex. 1991) (per curiam). However, *Thordson* is factually distinguishable from the case before the Court. In *Thordson,* the Texas Supreme Court held that it was an abuse of discretion for the trial court not to hold a hearing on a proper motion to reinstate with a timely request for hearing. *Id.* In the present matter, there is nothing in the record to indicate that Parker's attorney requested a hearing on the motion. This leads to the ultimate question before us: if counsel does not affirmatively request a hearing on the motion to reinstate, does the trial court abuse its discretion when no hearing is held.

6

Counsel for Cain emphatically states that it is incumbent on the movant in a motion to reinstate to request a hearing, citing *Calaway v. Gardner,* 525 S.W.2d 262, 264 (Tex. Civ. App.—Houston [14th Dist.] 1975, no pet.) In *Calaway,* the 14th District Court held that, "[t]hat language [requiring the court to set the motion for hearing] does not relieve the movant of the duty to procure a setting within the time allowed for reinstatement." *Id.* This is the same language before us today. However, the intermediate appellate courts are not in agreement on this issue.

Cain posits that this Court has held that it is the movant's responsibility to procure a setting in *Scott v. King,* No. 07-11-00233-CV, 2012 Tex. App. LEXIS 4679 (Tex. App.—Amarillo June 13, 2012, no pet.) (mem. op.). However, *Scott* does not so hold. In *Scott,* the issue was that the trial court held a hearing on the motion for reinstatement after the motion was overruled by operation of law. *Id.* at \*2-3. The Court held it was not an abuse of discretion to hold a hearing after the motion was overruled by law but before the trial court lost its plenary jurisdiction. *Id.* at \*3-4. As such, *Scott* does not address the duty to procure a setting and, as such, does not control our disposition of Parker's issue.

In considering whether the trial court abused its discretion in failing to hold a hearing on the motion to reinstate, we find that the record before us does not indicate that the trial court held any type of evidentiary hearing on the motion to retain the case on the docket. Under these facts, we believe that the better reasoned case is that of *Enriquez* from the Third Court of Appeals. There, the court recognized that, for many types of motions, the movant has the responsibility and burden to set the matter for a hearing before the trial court. *Enriquez,* 400 S.W.3d at 618-19. However, when dealing

7

with a motion for reinstatement pursuant to Rule 165a(3), the burden falls on the trial court because of the specific language of the rule. *See id.* at 619-20. Moreover, Rule 165a(3) requires the clerk to deliver the motion to reinstate to the trial court and for the trial court to set the matter for hearing as soon as practicable. Rule 165a(3). Our record indicates that someone, most probably the clerk, noted the filing of the motion to reinstate on the trial court's docket sheet. In reviewing cases from other intermediate appellate courts, we find that they have held that Rule 165a(3) requires that the court set a properly filed motion to reinstate for a hearing and that such a hearing is mandatory with the trial court. *See George v. State,* No. 06-11-00071-CV, 2012 Tex. App. LEXIS 296, at *5 (Tex. App.—Texarkana Jan. 13, 2012, no pet.) (mem. op.); *see also Stephens v. Darnell,* No. 12-04-00346-CV, 2006 Tex. App. LEXIS 1430, at *2-3 (Tex. App.—Tyler Feb. 22, 2006, no pet.) (mem. op.); *Smith v. McKee,* 145 S.W.3d 299, 305-06 (Tex. App.—Fort Worth 2004, no pet.).

We believe that the rationale set forth in the above mentioned opinions reflects the better reasoning, as applied to the facts before us. Therefore, we find that the trial court abused its discretion in failing to hold a hearing on Parker's motion to reinstate. *See Enriquez,* 400 S.W.3d at 620. We sustain Parker's first issue in regard to the motion to reinstate.

## Conclusion

We affirm that portion of the trial court's judgment denying the motion to retain the subject case on the trial court's docket but reverse the case for failure to hold a

hearing on the motion to reinstate the case and remand the matter to the trial court to hold a hearing on the motion.

Mackey K. Hancock
Justice