**DISMISS and Opinion Filed September 24, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00571-CV**

**BOBBY JOE EVENS, Appellant**
**V.**
**VEDA MICHELLE EVENS, Appellee**

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-10082**

## MEMORANDUM OPINION
Before Justices Myers, Nowell, and Evans
Opinion by Justice Evans

We questioned our jurisdiction over this appeal from the trial court's December 31, 2019 order of dismissal as it appeared untimely. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal is jurisdictional). As reflected in the record, appellant, who is a pro se inmate, received notice of the order on January 15, 2020. He timely filed a motion for new trial, making the notice of appeal due March 30, 2020, *see* TEX. R. APP. P. 26.1(a)(1), or with an extension

motion, April 14, 2020, *see id.* 26.3. The notice of appeal, however, was not filed until May 27, 2020.[1]

At our direction, appellant filed a letter brief addressing the timeliness of the appeal. He explained he did not receive confirmation of the filing of his motion for new trial until March 27, 2020, and he "was under the impression that the tolling would start the date [he] received confirmation his Motion for New Trial was filed."

The filing of a motion for new trial, however, does not trigger the appellate deadlines. Rather, the time for filing a notice of appeal runs from the date the judgment is signed, *see id.* 26.1, or if the party affected by the judgment does not acquire knowledge within twenty days after the judgment is signed, the date the party acquires knowledge provided it is within ninety days of judgment, *see id.* 4.2(a)(1).

Because the record here reflects appellant received notice of the dismissal order within twenty days of its signing, the appellate deadlines were unaffected and the notice of appeal, filed May 27th, was untimely. Accordingly, we dismiss the appeal for want of jurisdiction. *See id.* 42.3(a).

/David Evans/
DAVID EVANS
JUSTICE

200571F.P05

---

[1] The filing date for both the notice of appeal and motion for new trial is based on the prisoner mailbox rule. *See Enriquez v. Livingston*, 400 S.W.3d 610, 621 (Tex. App.—Austin 2013, pet. denied) (op. on reh'g) (under prisoner mailbox rule, date prisoner gives pleading to prison authorities for mailing deemed date of filing with court clerk).



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

BOBBY JOE EVENS, Appellant

No. 05-20-00571-CV     V.

VEDA MICHELLE EVENS,
Appellee

On Appeal from the 256th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-19-10082.
Opinion delivered by Justice Evans,
Justices Myers and Nowell
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

Judgment entered September 24, 2020.