**Dismiss and Opinion Filed March 3, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01143-CV**

**IN THE INTEREST OF M.J.Y, E.T.Y., B.C.Y., V.C.Y., E.G.Y., R.F.Y., S.R.Y., D.A.Y., A.A.Y., X.I.Y., CHILDREN**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-52069-2020**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Garcia
Opinion by Justice Carlyle

We questioned our jurisdiction over this appeal from the trial court's final decree of divorce as it appeared to have been untimely filed. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal is jurisdictional). As reflected in the clerk's record, the decree was signed May 4, 2021. Because appellant timely requested findings of fact and conclusions of law, the deadline for appealing was August 2, 2021 or, with an extension motion, August 17, 2021. *See* TEX. R. APP. P. 26.1(a), 26.3. The appeal was not filed, however, until December 12, 2021.

In jurisdictional briefing filed at our request, and in supplemental briefing, appellant, who is proceeding pro se and is detained in county jail, asserts he submitted numerous notices of appeal for mailing between February, when the final trial was held, and December, and he specifically recalls submitting for mailing a notice of appeal after May 4 and before August 2.[1] He argues that "a person detained in county jail" has "no way of knowing if something submitted to be mailed was received and filed," and he lists several reasons why an incarcerated person "may not be able to effect successful correspondence with the court." Appellant urges that we not let the appeal be "forfeited" and that we "accept" jurisdiction under the prisoner mailbox rule which deems the filing date of an inmate's document as the date the prison authorities received the document for mailing rather than when the clerk received the document. *See Enriquez v. Livingston*, 400 S.W.3d 610, 621 (Tex. App.—Austin 2013, pet. denied) (op. on reh'g).

We are cognizant that pro se inmates must rely on prison authorities for filing and are sympathetic to appellant not having direct access to the clerk's office or a United States mailbox. But nothing in the record, other than appellant's statements

---

[1] Appellant argues the record is replete with examples of his intent to appeal. In support, he relies on his timely request for findings of fact and conclusions of law and cites to documents in the record where he objected and sought to "preserve error for appeal." He also notes that in January 2021 he filed a separate appeal from the trial court's order denying his motion for counsel. *See In re M.J.Y.*, 05-21-00017-CV, 2021 WL 1422653 (Tex. App.—Dallas Apr. 15, 2021, no pet.). That appeal was subsequently dismissed for want of jurisdiction because the order was not a final judgment or appealable interlocutory order. *See id.* at *1. Appellant argues that order is now appealable and by separate motion asks that we "weigh the timing, expressed intent, and merits" of that appeal "in consideration of the jurisdiction for [this appeal.]" Our plenary power over that appeal, however, has expired. *See* TEX. R. APP. P. 19.1.

in the affidavit, gives any indication that appellant timely gave a notice of appeal to prison authorities. Appellant's statements alone are not enough to establish he timely submitted the notice of appeal. And we have considered Texas Rule of Appellate Procedure 2, which allows appellate courts to "suspend a rule's operation in a particular case," but it also specifically prohibits us from "alter[ing] the time for perfecting an appeal in a civil case."

This is due to the exceptionally strict and long-standing concept of the court's jurisdiction, which a party must timely and properly invoke or it is lost. The rule can have harsh applications, such as this one, but it is a bright and generally unbendable line the courts have drawn, and one we are duty-bound to respect. Accordingly, because the notice of appeal was not timely filed, we must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

211143f.p05

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF M.J.Y,
E.T.Y., B.C.Y., V.C.Y., E.G.Y.,
R.F.Y., S.R.Y., D.A.Y., A.A.Y.,
X.I.Y., CHILDREN

No. 05-21-01143-CV

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-52069-
2020.
Opinion delivered by Justice Carlyle,
Justices Smith and Garcia
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

Judgment entered this 3rd day of March, 2022.