**AFFIRM; Opinion Filed July 14, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00836-CV

### JOHN ROCHON, SR. AND DONNA ROCHON, Appellants
### V.
### JGB COLLATERAL, LLC, Appellee

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-19011**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Schenck

In this interlocutory appeal, John Rochon, Sr. and Donna Rochon challenge the trial court's denial of their motion to dismiss appellee JGB Collateral, LLC's claims for fraudulent transfer against them pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. We affirm. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

### BACKGROUND

On December 23, 2020, JGB filed a petition against the Rochons and other parties that are not part of this appeal, stating claims of fraudulent transfer and

asserting the following. John Rochon, Sr., on behalf of a family business in which his wife Donna Rochon held an interest, entered into an agreement with JGB whereby JGB loaned more than $5 million to the family business in exchange for senior convertible notes and warrants. Both the Rochons personally guaranteed repayment of the loan. After the family business defaulted on the loan and subsequently initiated bankruptcy proceedings, JGB sought to enforce its rights under its agreements with the Rochons individually. JGB alleges the Rochons fraudulently transferred assets, particularly interests in a limited partnership and jewelry, to other entities in order to avoid their debt to JGB.

On January 19, 2021, the Rochons moved to dismiss JGB's claims, urging that "the Rochons' communications related to these transfers—communications which necessarily form part of the predicate of JGB's claims—'related to a judicial proceeding' (namely, to JGB's judgment-collection proceedings)." JGB responded to the Rochons' second amended motion, urging that the Rochon's motion was procedurally barred because the Rochons' motion and the related hearing were untimely here.[1] In addition, JGB argued its claims do not trigger the TCPA, offered

---

[1] The Rochons noticed JGB of a hearing on their original motion on February 18, which was later rescheduled to February 26. On February 1, the Rochons filed a first amended motion to dismiss. On February 10, JGB moved to continue the hearing and permit them to conduct limited discovery related to the motion. The parties thereafter entered into a Rule 11 agreement to, among other things, continue the hearing for sixty days from the February 26 setting. On March 10, the Rochons filed a second amended notice of hearing, rescheduling the hearing on their motion to dismiss on April 29. The following month, on April 5, the Rochons filed a second amended motion to dismiss, and on April 7, they filed a third amended notice of hearing, rescheduling the hearing on their motion to dismiss on June 10. The following month, they filed additional amended notices of hearing, rescheduling the hearing to July 6 and July 9.

evidence to establish a prima face case for its claims, and urged the Rochons could not prove their defenses or right to a judgment as a matter of law.

The Rochons filed a reply to JGB's response, and JGB filed a sur-reply. On July 23, the Rochons filed an amended notice that the hearing on their motion was rescheduled to September 9, and the trial court conducted a hearing on that date. On September 18, the trial court signed an order denying the Rochons' motion to dismiss without specifying the basis for the denial. This interlocutory appeal followed.

## THE TCPA AND STANDARD OF REVIEW

Chapter 27 of the Texas Civil Practice and Remedies Code is an "anti-SLAPP statute," meaning that the legislature enacted it to curb "strategic lawsuits against public participation." *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 868 (Tex. App.—Dallas 2014, no pet.). Its main feature is a motion-to-dismiss procedure that allows defendants at an early stage to seek dismissal, attorney's fees, and sanctions for the filing of a meritless suit in response to a defendant's exercise of a protected right. *Equine Holdings, LLC v. Jacoby*, No. 05-19-00758-CV, 2020 WL 2079183, at *6 (Tex. App.—Dallas Apr. 30, 2020, pet. denied) (mem. op.).

A Chapter 27 movant bears the initial burden of showing by a preponderance of the evidence "that the legal action is based on or is in response to the party's exercise of the right of free speech, the right to petition, or the right of association." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b); *see also Brenner v. Centurion Logistics LLC on Behalf of Centurion Pecos Terminal LLC*, No. 05-20-00308-CV,

2020 WL 7332847, at *3 (Tex. App.—Dallas Dec. 14, 2020, pet. denied) (mem. op.) (holding amendments to TCPA do not change burden of "preponderance of the evidence" established by *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017)). If the movant carries his or her initial burden, the nonmovant must then establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." CIV. PRAC. & REM. § 27.005(c). Notwithstanding the nonmovant's proof of a prima facie case, however, the court shall dismiss a legal action against the movant if the movant establishes as a matter of law a valid defense to the nonmovant's claim. *See id.* § 27.005(d).

We review de novo the trial court's determinations that the parties met or failed to meet their respective burdens under section 27.005. *See id.* § 27.005 (b), (c); *see also Brenner*, 2020 WL 7332847, at *3 (holding amendments to TCPA do not change de novo appellate standard of review). In conducting this review, we consider, in the light most favorable to the nonmovant, the pleadings and any supporting and opposing affidavits and other evidence stating the facts on which the claim or defense is based. *See Fishman v. C.O.D. Capital Corp.*, No. 05-16-00581-CV, 2017 WL 3033314, at *5 (Tex. App.—Dallas July 18, 2017, no pet.) (mem. op.); *see also* CIV. PRAC. & REM. § 27.006(a). However, the plaintiffs' pleadings are generally "the best and all-sufficient evidence of the nature of the action." *Hersh*, 526 S.W.3d at 467.

## DISCUSSION

In their first issue, the Rochons question the standard the trial court is to apply to a motion to dismiss pursuant to the TCPA if no timely hearing was held on the motion through no fault of the movant. Relatedly, in their second issue, the Rochons ask this Court to reconsider its holding in *Braun v. Gordon*, more particularly that when a movant fails to have the motion set for a timely hearing, the movant forfeits any right to interlocutory appeal of the trial court's failure to rule on the motion. *See Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *3 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.).[2]

While the Rochons' first two issues raise the interesting questions of whether a movant's failure to timely obtain a hearing through no fault of its own may divest this Court of its jurisdiction to consider an appeal of the trial court's failure to rule— or explicit denial of such a motion, as here—we need not decide those questions or

---

[2] The parties argue this Court has created an additional jurisdictional requirement to the text of the statute by placing the burden on the movant to timely obtain a hearing on their motion in order to preserve this Court's jurisdiction to consider the trial court's ruling. In *Braun*, this Court found appellate jurisdiction to be precluded, noting that "[a] defendant seeking the TCPA's protections must comply with the requirements of timely moving for dismissal and obtaining a hearing on the motion for dismissal." *Id.* at *1 (citing CIV. PRAC. & REM. §§ 27.003(b), .004(a); *Enriquez v. Livingston*, 400 S.W.3d 610, 619 (Tex. App.—Austin 2013, pet. denied)). While the *Enriquez* court noted that generally the movant has the burden to set a hearing on his motion or make a direct request to a trial judge for a hearing, the court went on to hold that where the statute, or in that case rule, requires the trial judge to set the hearing, the judge has no discretion and the burden is on the judge—not the movant— to obtain a setting for a hearing. *See Enriquez*, 400 S.W.3d at 618–20. Similarly, the Fifth Circuit opinion cited by *Braun* also indicates for that court's jurisprudence that the court's failure to schedule a hearing did not result in a denial of the motion by operation of law or the commencement of the deadline to file an interlocutory appeal under Rule 4 of the Federal Rules of Appellate Procedure, thus preserving appellate jurisdiction pending entry of an order affirmatively overruling the motion. *See Cuba v. Pylant*, 814 F.3d 701, 710 (5th Cir. 2016).

address those issues. Because even if we assumed, without deciding, that appellants' efforts to set a timely hearing were sufficient to satisfy the TCPA's requirements, the Rochons could not obtain any relief on appeal because the TCPA does not apply to JGB's claims, as argued by the Rochons.

In their third issue, the Rochons assert the TCPA applies to JGB's claims because they are based on the deposition testimony of the Rochons, which they assert is an exercise of their right to petition. Thus, according to the Rochons, JGB's claims are based on a "communication" occurring both in and pertaining to a judicial proceeding. The TCPA defines "exercise of the right to petition" as a communication in or pertaining to a judicial proceeding. *See* CIV. PRAC. & REM. § 27.001(4)(A)(i). This Court has already held that "to construe the TCPA such that appellants exercised a 'right to petition' based on their deposition testimony . . . "is an absurd result that would not further the purpose of the TCPA to curb strategic lawsuits against public participation." *See Pinghua Lei v. Nat. Polymer Int'l Corp.*, 578 S.W.3d 706, 717 (Tex. App.—Dallas 2019, no pet.). The Rochons do not explain how, and we see no reason why, this case is distinguishable from *Pinghua Lei*. Accordingly, we overrule the Rochons' third issue.

Moreover, in overruling the Rochons' third issue, we need not address their fourth issue regarding whether JGB offered prima facie evidence of essential elements of its claims. *See* TEX. R. APP. P. 47.1; *Vaughn-Riley v. Patterson*, No. 05-

20-00236-CV, 2020 WL 7053651, at *5 (Tex. App.—Dallas Dec. 2, 2020, no pet.) (mem. op.).

## CONCLUSION

We affirm the trial court's order denying the Rochons' motion to dismiss pursuant to the TCPA.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210836F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JOHN ROCHON, SR. AND
DONNA ROCHON, Appellants

No. 05-21-00836-CV          V.

JGB COLLATERAL, LLC, Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-19011.
Opinion delivered by Justice
Schenck. Justices Osborne and Smith
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JGB COLLATERAL, LLC recover its costs of this appeal from appellants JOHN ROCHON, SR. AND DONNA ROCHON.

Judgment entered this 14th day of July 2022.