In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00119-CV
_____

**VALENTIN AYALA-GUTIERREZ, Appellant**

**V.**

**CHRIS STRICKLAND, et al., Appellees**

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 16-03-03401-CV

**MEMORANDUM OPINION**

In March 2017, the trial court dismissed Valentin Ayala-Gutierrez's lawsuit after he failed to appear at a hearing to establish why his case should not be dismissed. *See* Tex. R. Civ. P. 165a(1) ("A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice."). In the brief that Ayala-Gutierrez filed in his appeal, he contends the order dismissing the case should be reversed because the record shows that he was prosecuting his case. Because the record shows

1

that Ayala-Gutierrez never requested the District Clerk to have citations prepared for the defendants that he named in his suit, and because the record fails to show that any defendants were ever served with Ayala-Gutierrez's suit, we conclude the trial court did not err by dismissing the suit. For these reasons, the trial court's judgment is affirmed.

Background

In March 2016, Ayala-Gutierrez filed his original petition against eight defendants, claiming they were liable to him under the Texas Tort Claims Act.[1] Ayala-Gutierrez's suit alleges that the eight individuals committed various acts that injured him over a two-year period that began in October 2012.

The petition that Ayala-Gutierrez filed in state court shows that he previously sued several defendants, all employed by the Geo Group, Inc., in federal court. In his federal-court suit, Ayala-Gutierrez alleged that around October 2012, four defendants acted under color of state law and violated his rights under the Civil Rights Act, 42 U.S.C. § 1983. *See Ayala-Gutierrez v. Jackson*, No. H-15-0387, 2016 WL 524225, at *1 (S.D. Tex. Feb. 9, 2016); *affirmed sub nom. Ayala-Gutierrez v. Doe*, No. 16-20164, 697 F. App'x. 285 (5th Cir. 2017) (per curiam). It appears that

---

[1] *See generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 2011 and Supp. 2018).

of these, three are named in the suit he filed in state court. In February 2016, the federal district judge handling the federal suit dismissed Ayala-Gutierrez's federal suit without prejudice to his right to pursue his claims in state court. *See Jackson*, 2016 WL 524225, at *2. The federal district judge's order reflects that the Ayala-Gutierrez's federal suit was dismissed after the court found that his petition failed to state a valid claim. *See id.* at *1-2.

In March 2016, Ayala-Gutierrez sued eight defendants in the suit that is the subject of this appeal. His state petition includes several defendants that he did not name in the suit he filed in federal court. He also expanded on his claims in federal court, alleging that the eight defendants engaged in conduct that he claimed was actionable on dates beyond the dates relevant to the suit he filed in federal court.

Ayala-Gutierrez's state-court petition alleges various addresses where seven of the eight defendants that he named could be served. Yet, the record that is before us does not show that Ayala-Gutierrez ever requested that the District Clerk prepare citations for any of the defendants named in his suit. *See* Tex. R. Civ. P. 99(a) (requiring the clerk, "when requested," to issue citation and to deliver citations to whoever the party has requested so the defendants can be served with the suit).

Ayala-Gutierrez then filed motions to proceed without paying costs and to appoint counsel. These motions contain no language requesting that the clerk prepare

3

citations. The record in the trial court also fails to show that he ever served these motions on any of the defendants that he named in his suit. Nor does the record show that Ayala-Gutierrez made any effort to have his motions heard.

In early March 2017, the trial court notified Ayala-Gutierrez that the trial court intended to dismiss the case for want of prosecution. In mid-March 2017, Ayala-Gutierrez filed a motion to retain, alleging that his suit has merit and that he was never notified about any rulings on his pending motions. He also filed a motion requesting that the trial court bench warrant him to appear at the hearing on the court's motion to dismiss. In late March 2017, after Ayala-Gutierrez did not appear at the hearing, his case was dismissed. In its order, the trial court noted that "[a]fter being duly notified to appear and show why said cause should not be dismissed from the docket of this Court, no appearance was made by any party to said suit." After that, Ayala-Gutierrez filed a notice of appeal. *See* Tex. R. App. P. 25.1(a).

Dismissal for Want of Prosecution

In issue one, Ayala-Gutierrez complains the trial court committed error by dismissing his case for want of prosecution. Trial courts may dismiss cases after giving the plaintiffs who filed them notice and an opportunity to be heard, or by using the inherent authority that trial courts possess to control their dockets. *See* Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630

(Tex. 1999). On appeal, a ruling dismissing a case for want of prosecution is reviewed under an abuse-of-discretion standard. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997).

"We look to the issues and the arguments and authorities in appellant's brief to determine the grounds presented for appellate review and will consider all issues fairly raised." *Dallas Cty. v. Crestview Corners Car Wash*, 370 S.W.3d 25, 57 (Tex. App.—Dallas 2012, pet. denied). In his brief, Ayala-Gutierrez argues that the record demonstrates he was prosecuting his case because he filed various motions on which the trial court never ruled. Additionally, he argues that dismissing his case was improper because his claims have a valid basis in law and fact.

In this case, neither Ayala-Gutierrez's petition, nor his motions, were served on the defendants. Because the record shows that Ayala-Gutierrez failed to take the steps required to serve the defendants with his suit, the record supports the trial court's finding that Ayala-Gutierrez failed to prosecute his suit. *See* Tex. R. Civ. P. 99 (Issuance and Form of Citation), *see also De La Cerda v. Jaramillo*, No. 01-17-00595-CV, 2018 WL 1189065, at *6 (Tex. App.—Houston [1st Dist.] Mar. 8, 2018, no pet.) (mem. op.) (explaining that "the question of the plaintiff's diligence in effecting service is determined by examining the time it took to secure citation,

service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service").

Ayala-Gutierrez also argues that the trial court should not have dismissed his state-court suit because it has merit. But the trial court dismissed Ayala-Gutierrez's case because he failed to prosecute it in a timely manner, not because the court found that his claims were frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a)(2) (West 2017) (providing that a case can be dismissed if a court finds the action to be frivolous). We conclude that the trial court did not abuse its discretion by dismissing Ayala-Gutierrez's case.

Failure to Rule on Motions

In issue two, Ayala-Gutierrez complains that the trial court failed to rule on several of the motions that he filed before dismissing his case. For example, he argues that he was entitled to discover the names and various information about John and Jane Doe defendants from three of the defendants that he identified by name in the suit.

Nonetheless, the record shows that Ayala-Gutierrez failed to take the steps necessary to obtain discovery from the three defendants that he claims he wanted to answer his discovery. Under the Rules of Civil Procedure, nonparties to a suit are entitled either to be served with notice that discovery is being sought from them or

to be served with a subpoena before a court can require them to answer discovery in a suit. *See* Tex. R. Civ. P. 205, 205.1, 205.2. The record does not show that any subpoenas issued in the suit. The record also fails fails to show that Ayala-Gutierrez served anyone with his motion seeking discovery. Based on the record that is before us in the appeal, the trial court could not have issued an order compelling anyone to answer his discovery.

Ayala-Gutierrez also complains the trial court failed to rule on his motion to amend his complaint. According to Ayala-Gutierrez, he wanted to amend his petition so that it complies with the requirements that apply to suits involving inmates. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2017). But Ayala-Gutierrez did not need leave to amend his pleadings since he filed his request approximately nine months before the trial court dismissed his case. *See* Tex. R. Civ. P. 63.

Next, Ayala-Gutierrez complains that the trial court never ruled on his motion to appoint counsel. *See generally* Tex. Gov't Code Ann. § 24.016 (West 2004). He was not, however, entitled to appointed counsel. Under Texas law, "[t]he mere fact that an indigent inmate brings a cause of action against an employee of the prison in which the inmate is incarcerated does not constitute exceptional circumstances such

7

that it warrants appointed counsel." *Gibson v. Tolbert*, 102 S.W.3d 710, 713 (Tex. 2003).

Additionally, Ayala-Gutierrez suggests that we should stay his case until the Fifth Circuit rules on his appeal from the federal district court's ruling in the suit he filed in federal court. But that case is over, as the Fifth Circuit affirmed the federal district court's ruling in August 2017. *See Doe,* 697 F. App'x. at 285. We conclude that no reason exists to stay our ruling in this appeal.

Finally, we note that Ayala-Gutierrez has not complained that the trial court never ruled on his request asking for a bench warrant so that he could attend the hearing the trial court conducted in his case. Nonetheless, nothing in the record shows that he ever took the steps required to have the trial court hear his motion. A party filing a motion "has the burden to set a hearing on his motion or make a direct request to a trial judge for a hearing. This is because motions are usually handled by the court clerk and are placed—physically or electronically—in the case file, meaning that a busy trial judge will, in all likelihood, not even be aware that the motion has been filed." *Enriquez v. Livingston*, 400 S.W.3d 610, 619 (Tex. App.—Austin 2013, pet. denied).

In conclusion, the record shows that Ayala-Gutierrez never asked the trial court to set hearings on his motions. Thus, he failed to preserve his complaints that

the trial court never ruled on motions for our review. *See* Tex. R. App. P. 33.1; *see also Morris v. Cozby*, No. 11-16-00169-CV, 2018 WL 2749804, at \*2 (Tex. App.—Eastland June 7, 2018, no pet.) (mem. op.) (noting that the failure to request a hearing or otherwise obtain a ruling on a motion waived the complaint for appellate review). The record further shows that Ayala-Gutierrez never asked the District Clerk to prepare citations. As a result, none of the defendants were ever served.[2] For all of these reasons, we hold that the trial court did not abuse its discretion by dismissing Ayala-Gutierrez's suit. We overrule Ayala-Gutierrez's issues and affirm the trial court's judgment.

     AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 13, 2018
Opinion Delivered November 15, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[2] We note that Chris Strickland and the Joe Corley Detention Facility, who are two of the defendants that Ayala-Gutierrez named in his suit, filed a joint brief in response to his appeal. Nothing in the record shows that they ever appeared while the case was pending in the court below. Based on the allegations that are in Ayala-Gutierrez's petition, it appears that Strickland is the warden of the Joe Corley Detention Facility and that the Facility is the location where some of the conduct that Ayala-Gutierrez complains about occurred.