NO. 07-09-0040-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 30, 2009
_____

NORMA WOODS, APPELLANT

V.

ROBERT M. SCHOENHOFEN, APPELLEE
_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-543857; HONORABLE J. BLAIR CHERRY, JR., JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

On June 30, 2008, appellant Norma Woods filed suit against Robert M. Schoenhofen alleging personal injuries and property damage from a motor vehicle accident.[1]  Through an order signed August 1, 2008, the trial court warned Woods of the potential dismissal of her case.  In relevant part, the order stated:

_____

[1]As required by Lubbock County Local Rule of Court 3.55(c), Woods completed and contemporaneously filed with her petition an official "case information sheet."  Among other things, the form stated that, "Service must be obtained promptly.  Pursuant to the Lubbock County Local Rules, notice is hereby given that any case in which no answer has been filed or default judgment signed SIX (6) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION."  (Capitalization in original).

Court records indicate that this case is eligible for dismissal for want of prosecution because service of citation has not been obtained. The case will be DISMISSED FOR WANT OF PROSECUTION, unless one of the following actions is taken within 45 days of this notice:

1.     Service by citation is obtained.

2.     A waiver of citation/service is filed; or

3.     A verified motion to retain is filed.

(Capitalization in original). There is no record indication that Woods exercised one of the options the notice offered for avoiding dismissal.

On October 31, 2008, the trial court dismissed Woods' case for want of prosecution. In relevant part, the order of dismissal stated:

On this 31 day of Oct., 2008 the Court enters its Order of Dismissal For Want Of Prosecution. This is made pursuant to previous notice to counsel and/or pro se parties that the Court would dismiss this case unless there was an appropriate response to the notice of dismissal. No response was received by the deadline date imposed and it is therefore Order (sic) of this Court that this case is hereby Dismissed For Want Of Prosecution. It is so Ordered.

Woods filed a motion to reinstate by mail on December 2.[2] By one day, this filing was untimely.[3] Woods subsequently filed a notice of appeal. Although the notice was untimely for an ordinary appeal,[4] from the record it appears Woods' case meets the

---

[2]  *See* Tex. R. App. P. 5.

[3] A motion to reinstate shall be filed with the clerk within thirty days after the order of dismissal is signed. Tex. R. Civ. P. 165a(3).

[4]  *See* Tex. R. App. P. 26.1 & 26.3.

requirements for a restricted appeal. Tex. R. App. P. 30. We, accordingly, will so treat the case. *See Stoker v. City of Fort Worth,* No. 02-08-00103-CV, 2009 WL 2138951, at *1 (Tex.App.–Fort Worth July 16, 2009, no pet.) (mem. op.) (similarly treating appeal as restricted).

A restricted appeal is available only if a party: (1) appealed within six months of the day the judgment was signed; (2) was a party to the underlying lawsuit; (3) did not participate in a hearing that produced the judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex. 2004) (*citing* Tex. R. App. P. 26.1(c) & 30); *Swinnea v. Flores,* No. 07-07-0060-CV, 2008 WL 1848203, at *1 (Tex.App.–Amarillo April 25, 2008, no pet.). The face of the record consists of all papers on file in the appeal, including the clerk's record and any reporter's record. *DSC Fin. Corp. v. Moffitt,* 815 S.W.2d 551, 551 (Tex. 1991).

The instant record establishes elements one through three, so we turn to element four, and whether error appears on the face of the record.

An appellate court reviews a trial court's decision to dismiss a case for want of prosecution under an abuse of discretion standard. *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex. 1999). Rule of Civil Procedure 165a allows a trial court to dismiss a case for want of prosecution for "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," and when a case is not disposed of within the time standards promulgated by the Supreme Court . . . ." Tex. R.

3

Civ. P. 165a(1),(2).[5]   Here, because dismissal was for failure to respond to the court's August 1 notice and because the case was dismissed some four months after filing, the dismissal grounds of Rule 165a are not applicable.

The common law, however, vests a trial court with an additional basis for dismissal of a case for want of prosecution.  Through its inherent power to manage its docket, a trial court may dismiss any case a plaintiff fails to prosecute with due diligence.  *Villarreal,* 994 S.W.2d at 630.  "However, a party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under . . . its inherent authority."  *Id.; see Franklin v. Sherman Indep. Sch. Dist.,* 53 S.W.3d 398, 401 (Tex.App.–Dallas 2001, pet. denied) ("[r]egardless of the grounds for dismissal, however, the trial court ordinarily is required to provide notice of a hearing and conduct an oral hearing prior to dismissal.  The requirements of notice and a hearing are necessary to ensure the dismissed claimant has received due process").[6]

The August 1 order does not fix a date and time for a dismissal hearing, nor did the trial court conduct a dismissal hearing.  We conclude dismissing the case for want of prosecution without a hearing was an abuse of discretion apparent on the face of the

---

[5] Under the Supreme Court Administrative Time Standards, all civil cases to be tried by jury should be brought to final disposition within eighteen months of the date of appearance and all civil non-jury cases within twelve months.  *See* Tex. R. Jud. Admin. 6(b)(1),(2), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F–Appendix (Vernon Supp. 2009).

[6] Additionally, a trial court's notice of potential dismissal must advise the recipient party of the basis for dismissal.  *Boulden v. Boulden,* 133 S.W.3d 884, 886 (Tex.App.–Dallas 2004, no pet.).

record.  We reverse the trial court's order of dismissal and remand the case for further proceedings consistent with this opinion.


James T. Campbell
Justice