**Ruth Isela Acevedo SALDANA, Appellant**

v.

**Sonia Patricia HINOJOSA, Appellee**

**No. 04–16–00115–CV**

Court of Appeals of Texas, San Antonio.

Delivered and Filed: March 8, 2017

John Saenz, for Ruth Isela Acevedo Saldana.

Sonia Patricia Hinojosa, for pro se.

Sitting: Marialyn Barnard, Justice
Patricia O. Alvarez, Justice Irene Rios, Justice

## OPINION

Marialyn Barnard, Justice

Appellant Ruth Isela Acevedo Saldana appeals the trial court's order dismissing her suit for want of prosecution. We reverse the trial court's order and remand this matter for further proceedings.[1]

### BACKGROUND

In July 2015, Saldana filed suit against appellee Sonia Patricia Hinojosa, seeking damages for injuries she sustained in a motor vehicle accident allegedly caused by Hinojosa. On October 20, 2015, the trial court issued a notice stating the matter was set for "Docket Control Conference/DWOP" on November 4, 2015. On November 4, 2015, Saldana filed a motion for continuance, seeking to reschedule the docket control conference. The trial court granted the motion and reset the "DCC/DWOP" for December 9, 2015. In addition to its order, the trial court also issued a notice, stating the matter was set for "Docket Control Conference/DWOP" on December 9, 2015. Two days before the scheduled setting, Saldana filed her second motion for continuance. The trial court did not rule on the second motion for continuance; rather, on December 10, 2015, the trial court signed a document entitled "Court's Motion and Order of Dismissal for Lack of Prosecution." In that order, the court advised that on December 9,

---

1. Appellee Sonia Patricia Hinojosa did not file a brief. Hinojosa was advised by letter that if she did not file her brief in this court within the time stated, the appeal would be submitted without an appellee's brief.

2015, it called the case for the scheduled "Docket Control Conference/DWOP," but Saldana did not appear. Accordingly, the court ordered the case dismissed without prejudice. Thereafter, Saldana filed a motion for new trial—which was overruled by operation of law, and a notice of appeal.

### ANALYSIS

On appeal, Saldana contends the trial court erred in dismissing her suit for want of prosecution. Saldana argues she was denied due process because the trial court failed to provide adequate notice of its intent to dismiss the suit for want of prosecution. We agree.

### *Standard of Review*

■ An appellate court reviews a trial court's decision to dismiss for want of prosecution under the abuse of discretion standard. *Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 728 (Tex. App.–San Antonio 2012, pet. denied) (citing *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997)); *Woods v. Schoenhofen*, 302 S.W.3d 576, 578 (Tex. App.–Amarillo 2009, no pet.) (citing *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999)). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011); *Dobroslavic*, 397 S.W.3d at 728. A corollary principle is that an appellate court may not reverse for abuse of discretion merely because it disagrees with the trial court's decision. *E.I. du Pont de Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *Dobroslavic*, 397 S.W.3d at 728.

### *Substantive Law*

■ A trial court has authority to dismiss for want of prosecution based on two sources. *Dobroslavic*, 397 S.W.3d at 728. The first source of authority is found in Rule 165a of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 165a; *Dobroslavic*, 397 S.W.3d at 728. The second source is based on the trial court's inherent power. *Dobroslavic*, 397 S.W.3d at 728. Rule 165a provides that a trial court may dismiss for want of prosecution: (1) if a party seeking affirmative relief fails to appear for any hearing or trial of which he had notice; or (2) when a case has not been disposed of pursuant to the time standards promulgated by the Texas Supreme Court, TEX. R. CIV. P. 165a; *Dobroslavic*, 397 S.W.3d at 728–29. Under common law, a trial court has inherent power to dismiss when a plaintiff fails to prosecute his case with due diligence. *Dobroslavic*, 397 S.W.3d at 729. This power arises from a trial court's power to control its docket. *Id.*

■ Before a trial court may dismiss pursuant to either Rule 165a or its inherent authority, the party subject to dismissal must be provided with notice and an opportunity to be heard. *Id.* (citing *Villarreal*, 994 S.W.2d at 630). As this court recognized in *Dobroslavic*, the supreme court has held inadequate notice of an intent to dismiss mandates reversal because a party's due process rights have been violated. *Id.*; *see Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 273 (Tex. App.–El Paso 2010, no pet.); *but see Keough v. Cyrus U.S.A., Inc.*, 204 S.W.3d 1, 5–6 (Tex. App.–Houston [14th Dist.] 2006, pet. denied) (holding motion to reinstate with opportunity for hearing cures due process violation); *Hernandez v. ISE, Inc.*, No. 04-06-00888-CV, 2008 WL 80005, at *3 (Tex. App.–San Antonio Jan. 9, 2008, no pet.) (mem. op.) (same).[2]

---

**2.** Here, Saldana did not receive notice of the

dismissal order until after time expired for

### *Application*

■ Saldana argues the trial court abused its discretion in dismissing her case for want of prosecution because the trial court failed to provide adequate notice of its intent to dismiss. In support of her contention, Saldana relies on *Villarreal,* the seminal case regarding adequacy of notice in this context. *See* 994 S.W.2d at 631–33.

In *Villarreal,* the notice of setting stated:

BY DIRECTION OF THE PRESID-ING JUDGE OF SAID COURT[,] NO-TICE IS HEREBY GIVEN YOU THAT THE ABOVE CAUSES(S), UPON ORDER OF THE COURT[,] IS SET FOR DISMISSAL ON THE 22ND DAY OF OCTOBER, 1996. . .YOU ARE REQUESTED TO BE PRESENT AND MAKE YOUR ANNOUNCEMENT. IF NO ANNOUNCEMENT IS MADE, THIS CAUSE WILL BE DISMISS FOR WANT OF PROSECUTION.

ALL ORDERS THAT WILL REMOVE A CASE FROM THE DISMISSAL DOCKET MUST BE SUBMITTED TO THE DISMISSAL DEPARTMENT ON OR BEFORE THE DATE WHEN THE DOCKET IS CALLED.

YOU ARE REMINDED THAT THIS IS NOT A DOCKET FOR THE RE-SETTING OF CASES, BUT FOR THEIR DISMISSAL.

*Id.* at 629. Although Villarreal appeared, the trial court dismissed the case for want of prosecution. *Id.* at 630.

In the supreme court, Villarreal argued the dismissal was improper. *Id.* The supreme court held that because the notice of setting warned Villarreal of dismissal for failure to make an announcement at the dismissal hearing, the notice was sufficient to apprise him of a possible dismissal pursuant to Rule 165a(1), i.e., dismissal for failure to make an appearance. *Id.* at 631. However, Villarreal appeared, and therefore, the trial court could not have dismissed for want of prosecution based on Rule 165a(1).[3] *Id.*

As for the trial court's inherent authority to dismiss, the supreme court held a plain reading of the notice indicated the case would be dismissed unless Villarreal failed to appear and Villarreal appeared, negating dismissal under Rule 165a. *Id.* at 632. However, the court held the notice did not inform Villarreal of a possible dismissal based on the court's inherent authority. *Id.* The court held "a reasonable litigant would understand that only an announcement of ready for trial would justify removal from the dismissal docket." *Id.* Moreover, the supreme court rejected the contention that the last sentence of the order was sufficient notice of possible dismissal under the court's inherent authority absent a showing of good cause. *Id.* The court held nothing in the language notified Villarreal that to avoid dismissal, he was required to appear and show good cause. *Id.*

Accordingly, because the notice received by Villarreal required merely an announcement and Villarreal complied with that

filing a motion to reinstate. Pursuant to Rule 306a of the Texas Rules of Civil Procedure, the trial court held a hearing and determined Saldana did not receive notice of the dismissal until February 26, 2016. *See* TEX. R. CIV. P. 306a. Thereafter, Saldana filed a timely motion for new trial, complaining about the lack of notice prior to the dismissal. However, it

does not appear the trial court held a hearing on the motion or ruled on it.

3. The court noted it was never claimed that dismissal was proper under Rule 165a(2)—dismissal for failure to comply with supreme court time standards. *Id.* at 631 n.4. Thus, the court did not consider whether this standard was violated. *Id.*

requirement, and the notice was insufficient to provide notice of possible dismissal based on the trial court's inherent authority to dismiss, the trial court erred in dismissing Villarreal's suit. *Id.* at 633.

The notice received by Saldana is far more meager than the one analyzed in *Villarreal.* Here, the notice merely stated:

> You are hereby advised that the above styled cause has been set by the Court for **Wednesday, December 9, 2015 at 9:00 a.m.** Counsel's personal appearance is required.
>
> Setting(s)

**1. Docket Control Conference/DWOP**

The trial court's notice does not reference Rule 165a. The notice does not advise Saldana that if she fails to appear her case will be dismissed unless she provides good cause for the case to be maintained. *See* Tex. R. Civ. P. 165a(1). It does not include language showing an intent to dismiss other than the use of the acronym "DWOP." *Id.* Nor does the notice advise that her case is to be dismissed because it was not disposed of within the time standards set by the supreme court's Rules of Judicial Administration. *Id.* R. 165a(2); *see also* Tex. R. Jud. Admin. 6.1(b), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (West 2013) (stating cases filed in district and statutory county courts to be disposed of within eighteen month of appearance date in civil jury cases and twelve months in civil nonjury cases). Thus, we hold the notice is insufficient under Rule 165a.

As for the court's inherent authority to dismiss, there is nothing in the notice to suggest dismissal for failure to prosecute the case with diligence. *See Scoville v. Shaffer,* 9 S.W.3d 201, 204 (Tex. App.–San Antonio 1999, no pet.). In *Scoville,* this court held the notice to dismiss based on the trial court's inherent authority was sufficient because the trial court advised the case was set for a hearing to determine, among other things, whether it should be "DISMISSED FOR WANT OF PROSECUTION (FAILURE TO PROSECUTE THE CASE WITH DILIGENCE)." *Id.* We held the inclusion of the language "failure to prosecute the case with diligence" was sufficient to provide the litigants with notice that the trial court might invoke its inherent authority to dismiss, thereby satisfying due process. *Id.* In this case, there is nothing to suggest dismissal due to a lack of diligence, simply an acronym for dismissal for want of prosecution.

Based on the foregoing, we hold the trial court notice was insufficient for purposes of Rule 165a and for purposes of due process based on the trial court's inherent authority. Accordingly, we sustain Saldana's contention that the trial court abused its discretion in dismissing her case for want of prosecution.

### Conclusion

We hold the trial court erred in dismissing Saldana's case for want of prosecution. We therefore reverse the trial court's order of dismissal and remand this matter to the trial court to reinstate Saldana's case on the court's docket.