

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00609-CV

Allison Tracy **WHITE**,
Appellant

v.

Jason **WALSH**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-02528
Honorable Stephani A. Walsh, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Rebeca C. Martinez, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: July 31, 2019

REVERSED AND REMANDED

Allision Tracy White challenges the trial court's order dismissing her petition for bill of review based on failure to prosecute. White contends: (1) the trial court lacked jurisdiction to enter its dismissal order, (2) the trial court failed to give sufficient notice of its intent to dismiss, (3) the trial court erred in denying reinstatement of White's case without holding a hearing, and (4) the trial court erred in denying White a hearing on her motion for reconsideration and motion to vacate.

White's second issue is dispositive.[1] We hold notice of dismissal was insufficient, and we reverse the trial court's dismissal order and remand with instructions to reinstate White's petition.

## BACKGROUND

As a bill-of-review appeal, this appeal concerns two trial-court cause numbers: (1) the cause number assigned to the original case that resulted in a final judgment; and (2) the cause number assigned to the petition for bill of review, which seeks to set aside the judgment in the original case.

In March 2013, Appellee Jason Walsh filed an original divorce proceeding under Cause No. 2013-CI-04825 (the "2013 Cause"). In August 2013, the trial court entered a final divorce decree in that proceeding. In February 2014, Appellant Allison Tracy White filed a petition for bill of review under Cause No. 2014-CI-02528 (the "2014 Cause"). In her petition, White requested the court set aside the final divorce decree entered in the 2013 Cause.

In July 2014, the trial court held a hearing on the bill of review. There is no reporter's record from the hearing, and the trial court never entered a formal order. The judge's notes from the hearing state, "Bill of Review—granted," and "Trial 8/27/14 9am."[2]

From this point, the parties confusingly filed documents in both the 2013 Cause and 2014 Cause, and the trial court held hearings in both causes. On August 27, 2014, the trial court held a hearing in the 2014 Cause at which the parties announced "not ready" for trial. In September 2014,

---

[1] We do not reach White's other issues. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

[2] The parties assert the trial court granted the bill of review; however, we take no position on the issue because it is not necessary for our resolution of this appeal. Likewise, we take no position on whether the various trial court judges who entered orders in the 2013 Cause and 2014 Cause had authority to do so. Resolution of this issue, which concerns exchange-of-benches provisions in the Texas Constitution, statutes, and local rules, is also unnecessary for resolution of this appeal. *See generally In re Garza*, 981 S.W.2d 438, 440–41 (Tex. App.—San Antonio 1998, no pet.) (discussing exchange-of-benches provisions). We refer to the trial court in the singular throughout this opinion because all trial court judges purported to act for the 285th Judicial District Court of Bexar County, Texas, which was assigned both causes.

White filed a motion for a continuance of the trial setting to conduct discovery in the 2014 Cause. In March 2016, White filed a motion to compel discovery, and, in August 2016, the trial court entered an agreed order on the motion to compel. The trial court also entered temporary orders in the 2014 Cause.

We do not have a complete record from the 2013 Cause because the present appeal is an appeal from the 2014 Cause.[3] White filed a jury demand in the 2013 Cause in July 2016, and the 2013 Cause was subsequently set for trial at least six times.

In May 2018, the trial court set the 2014 Cause for a hearing on July 10, 2018, on the dismissal docket. On June 7, 2018, Walsh filed a "Motion to Strike Jury Demand and to Dismiss" in the 2013 Cause. By his motion, Walsh sought to strike White's jury demand and sought "dismiss[al] of this case."

The trial court held a hearing on Walsh's motion on June 19, 2018. The trial court granted Walsh's motion at the hearing and directed the parties to prepare an order to be filed in both cause numbers. The trial court stated: "I'm going to enter the order in the 2013 [Cause] that grants the dismissal of the Bill of Review in the 2014 [Cause]." According to the trial court, the effect of these orders in the two proceedings would be to dismiss the 2014 Cause and to leave the 2013 divorce decree effective and final. According to the trial court, the order to be entered in the 2013 Cause would moot all filings in the 2013 Cause filed after the divorce decree was entered. The trial court thereafter signed orders in both causes granting Walsh's motion and ordering that the final divorce decree in the 2013 Cause "shall remain in full force and effect."

---

[3] We, however, have enough information to decide this appeal based on the parties' representations in their briefs and at oral argument. We also have certain documents available to us from the 2013 Cause that the parties filed as exhibits to documents filed in the 2014 Cause. The parties do not dispute the relevant procedural facts and the authenticity of the documents we rely on in this appeal.

White then filed a motion—and later amended motions—to reinstate the 2014 Cause. The parties dispute whether White properly requested hearings on her motions, but it is undisputed the trial court did not hold any hearings on White's motions to reinstate. White timely appealed dismissal of the 2014 Cause.

## DISCUSSION

The only issue we need reach is whether the trial court abused its discretion when it dismissed the 2014 Cause based on a failure to provide sufficient notice of dismissal.[4] A trial court's ruling on a motion to dismiss is reviewed under an abuse of discretion standard. *Rainbow Home Health, Inc. v. Schmidt*, 76 S.W.3d 53, 55 (Tex. App.—San Antonio 2002, pet. denied). "An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles." *Tex. Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648 (Tex. App.—San Antonio 2002, pet. denied).

A court may dismiss a case for want of prosecution under Texas Rule of Civil Procedure 165a when a litigant: (1) fails to appear; or (2) fails to comply with the supreme court's time standards. TEX. R. CIV. P. 165(a)(1), (2). "Additionally, a court may dismiss a case pursuant to its inherent power." *Tex. Sting*, 82 S.W.3d at 648; *see* TEX. R. CIV. P. 165a(4). "Regardless of the grounds for dismissal, a trial court is generally required to provide notice and conduct an oral hearing before it can dismiss a case." *Tex. Sting*, 82 S.W.3d at 648. "The failure to provide notice deprives the litigant of the right to be heard, and is a denial of due process under the Fourteenth

---

[4] Walsh, citing Texas Rule of Appellate Procedure 33.1(a)(1), asserts White failed to object on the record that she received insufficient notice and, consequently, waived her issue. We disagree. Rule 33.1(a)(1) requires, as a prerequisite to presenting a complaint for appellate review, that the record must show the complaint was made to the trial court by a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). Here, White made a complaint regarding insufficient notice through her motion for reinstatement, which specified as a ground for reinstatement that White received insufficient notice. *Cf. Saldana v. Hinojosa*, 517 S.W.3d 239, 241, 243 (Tex. App.—San Antonio 2017, no pet.) (reversing dismissal where a party failed to appear at a scheduled "Docket Control Conference/DWOP," and thereafter the party filed a motion for new trial).

Amendment." *Id.* "[I]nadequate notice of an intent to dismiss mandates reversal because a party's due process rights have been violated." *Saldana v. Hinojosa*, 517 S.W.3d 239, 241 (Tex. App.—San Antonio 2017, no pet.). However, "a due process violation based on a trial court's failure to provide proper notice of its intent to dismiss a case can be cured if the party whose case is dismissed files a verified motion to reinstate and is provided with a post-dismissal hearing." *In re Estate of Perez-Muzza*, No. 04-12-00178-CV, 2013 WL 979128, at *2 (Tex. App.—San Antonio Mar. 13, 2013, no pet.) (mem. op.).

When a case is set to be dismissed for want of prosecution under the authority of Rule 165a, that rule expressly sets forth the notice that must be provided:

> Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service.

TEX. R. CIV. P. 165a(1); *see In re Conner*, 458 S.W.3d 532, 535 (Tex. 2015) ("[W]hile Rule 165a(2) does not refer to Rule 165a(1)'s procedural requirements, including notice and a hearing, neither does it suggest a basis for deviating from those procedures."). However, when a case is set to be dismissed under the trial court's inherent power, all that is required is sufficient notice to satisfy due process. *Enriquez v. Livingston*, 400 S.W.3d 610, 615 (Tex. App.—Austin 2013, pet. denied). "Due process requires that adequate notice be given before an order is entered dismissing a suit for want of prosecution." *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 128 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Notice must apprise the party of the grounds for dismissal, whether under Rule 165a or the court's inherent authority. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 629 (Tex. 1999); *Saldana*, 517 S.W.3d at 243.

Notice can be given either by the trial court directly or by an opposing party through a motion to dismiss stating the grounds for which dismissal is sought. *See Dueitt v. Arrowhead*

*Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 737–38 (Tex. App.—Waco 2005, pet. denied) (rejecting argument that when a party moves to dismiss, the trial court also must give notice of its intentions to dismiss); *Cruz v. Owens Handle Co., Inc.*, No. 04-02-00291-CV, 2003 WL 44797, at *3 (Tex. App.—San Antonio Jan. 8, 2003, no pet.) (considering dismissal order that granted a party's motion to dismiss); *cf.* TEX. R. CIV. P. 165a(4) (requiring the same reinstatement procedures and timetable for "all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed").

*Analysis*

After White filed her petition for bill of review in the 2014 Cause, the parties should not have filed any documents in the 2013 Cause. Once a bill of review is granted all subsequent filings should be made in the bill of review proceeding and not the prior case. *See Alaimo v. U.S. Bank Tr. Nat'l Ass'n*, 551 S.W.3d 212, 216 (Tex. App.—Fort Worth 2017, no pet.) (recognizing that, when a bill of review is granted, the parties proceed to final judgment on the merits of the underlying claims in the bill of review proceeding, not in the underlying case in which the judgment was vacated); *Retzlaff v. Mendieta-Morales*, 356 S.W.3d 676, 679 (Tex. App.—El Paso 2011, no pet.) ("When the trial court grants a bill of review, subsequent proceedings on the merits of the original suit should be conducted under the bill of review cause number."); *Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 590 (Tex. App.—Fort Worth 2003, no pet.) (citing *State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 465 (Tex. 1989) ("[W]hen the trial court grants a bill of review and sets aside a judgment in a prior case, the subsequent trial on the merits of the prior case occurs in the same proceeding as the trial on the bill of review.")); *see also Retzlaff v. Mendieta-Morales*, No. 04-09-00582-CV, 2009 WL 4692681, at *1 (Tex. App.—San Antonio 2009, no pet.) (mem. op.) (holding the trial court's granting of summary judgment in a bill of

review action was not a final, appealable judgment because the arguments made in the summary judgment motion concerned "whether the bill of review should be granted and whether the prior judgment should be set aside," and "did not dispose of the case on the merits"). Here, the parties assert the trial court granted White's bill of review. For that reason, the parties should have litigated all subsequent matters in the bill of review proceeding—the 2014 Cause—and should not have filed any documents in the original case—the 2013 Cause. If we reject the parties' assertion that the trial court granted the bill of review, then the parties should not have litigated the underlying divorce contest in either proceeding because the divorce decree entered in the 2013 Cause had not been set aside. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999) ("A bill of review is an independent action to set aside a judgment . . . ."). Either way, Walsh should not have filed his motion to dismiss in the 2013 Cause.

Nevertheless, Walsh filed a "Motion to Strike Jury Demand and to Dismiss" in the 2013 Cause and set a hearing on the motion in that cause. Walsh argues that his motion apprised White that he sought dismissal of the 2014 Cause because the motion referenced the 2014 Cause and "made clear" that he sought dismissal of the 2014 Cause. Walsh argues that White understood his motion as directed at the bill of review based on the parties shared, but erroneous, understanding that they were to litigate the merits of the divorce in the 2013 Cause after White filed her bill of review, and based on White's arguments to retain the 2014 Cause that she made at the hearing on Walsh's motion. Walsh also argues that due process was satisfied because the trial court had set the 2014 Cause for a hearing at a later date on the dismissal docket.

White, for her part, argues the trial court abused its discretion by dismissing the 2014 Cause without providing sufficient notice. She argues that Walsh's motion to dismiss specified only that he sought dismissal of the 2013 Cause because the motion was filed in the 2013 Cause and it requested dismissal of "this case," presumably referring to the 2013 Cause in which the motion

was filed. White asserts that she was not prepared to discuss dismissal of the 2014 Cause in detail at the hearing on Walsh's motion to dismiss because Walsh's motion did not notify White that Walsh sought dismissal of the 2014 Cause, which had already been formally set on the dismissal docket at a later date.

Based on the unique circumstances of this case, we determine that White was not provided the notice that due process demands. The Supreme Court of Texas has reversed where notice of dismissal failed to apprise a party of the grounds for dismissal—whether pursuant to one of the two grounds under Rule 165a or pursuant to the court's inherent authority. *See Villarreal*, 994 S.W.2d at 633 (holding notice was insufficient to apprise a party of the court's inherent authority to dismiss where nothing in the language of the notice notified the party that the court intended to act under its inherent powers and notified the party only of possible dismissal under Rule 165a(1) for failure to appear). Although we can find no case directly on point, we determine that due process is not satisfied if notice of dismissal for want of prosecution fails to apprise a party of the *case* a court intends to dismiss.

We reject Walsh's argument that his motion apprised White of the trial court's intent to dismiss the 2014 Cause. By his motion, filed in the 2013 Cause, Walsh sought dismissal of the 2013 Cause only. The motion states: "[Walsh] requests the court strike this jury demand and dismiss this case for failure to timely or reasonably reduce the courts [sic] ruling to an order and failure to timely prosecute this case to resolution." As we have noted, White filed a jury demand in the 2013 Cause. Without further clarification, "this case" referred to the 2013 Cause in which Walsh filed his motion and in which White filed her jury demand. True enough, Walsh referenced the 2014 Cause directly in his motion. He also obliquely referred to the 2014 Cause by his statement regarding a failure to reduce a ruling to an order; this failure occurred only in the 2014 Cause. White responded to arguments regarding dismissal of the 2014 Cause at the hearing on

Walsh's motion. However, Walsh's references to the 2014 Cause do not transform the motion to dismiss the 2013 Cause—filed in the 2013 Cause—into a motion to dismiss the 2014 Cause.[5]

Walsh argues that the trial court's notice in the 2014 Cause supplemented the notice given in his motion. However, the two notices underscore the parties' error to pursue both the 2013 Cause and the 2014 Cause simultaneously after White filed her petition for bill of review. White had notice that Walsh sought dismissal of the 2013 Cause because Walsh filed his motion to dismiss in the 2013 Cause. White separately had notice that the trial court set the 2014 Cause for a dismissal hearing. The trial court's notice in the 2014 Cause, however, was limited and did not notify White of the trial court's intent to dismiss on the date that it did so. The notice in the 2014 Cause apprised White, at most, of a possible dismissal under Rule 165a(1) for failure to appear at a hearing on a certain date and time.[6] Based on this notice, the trial court could not have dismissed the 2014 Cause, on the day that it did so, because White had not failed to appear for the hearing the trial court had set in the 2014 Cause; that hearing was set for a later date. *Cf. Villarreal*, 994 S.W.2d at 631 (reasoning trial court could not have dismissed pursuant to Rule 165a(1) for failure to appear because the party to whom the notice was directed did appear).

In sum, Walsh's motion to dismiss failed to apprise White of the *case* to be dismissed for want of prosecution, and the trial court's notice in the 2014 Cause did not correct this failure. The

---

[5] Walsh has not directed us to any case in which a motion to dismiss filed in one case allows a court to dismiss another case. Walsh also has not directed us to a case in which a motion to dismiss filed in one case provides notice of intent to dismiss another case.

[6] The trial court's dismissal notice is on a postcard. It lists the 2014 Cause number and states: "NOTICE OF SETTING ON DISMISSAL DOCKET OFFICIAL NOTICE." Elsewhere it states: "By Order Of The Presiding Judge, The Above Styled And Numbered Case Is Set For Hearing On The 10Th Day Of July 2018 At 8:30 O'Clock A.M. . . . ." This type of notice provides, at most, notice of intent to dismiss pursuant to Rule 165(a)(1) for failure to appear. *See Villarreal*, 994 S.W.2d at 632 (reversing dismissal and holding notice of setting on dismissal docket informed a party only of possible Rule 165a(1) dismissal). The meager notice in the instant case may not have provided notice even of intent to dismiss under Rule 165a(1), but we do not determine this matter because it is unnecessary to our resolution of this appeal. *See Saldana*, 517 S.W.3d at 241 (holding notice insufficient as to any ground for dismissal where notice stated a case was set for "Docket Control Conference/DWOP" and did not advise that the case would be dismissed for failure to appear).

trial court abused its discretion in dismissing the 2014 Cause because the trial court did not sufficiently apprise White of its intent to dismiss the 2014 Cause for want of prosecution prior to dismissal. *See Villarreal*, 994 S.W.2d at 630 ("The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal"); *Saldana*, 517 S.W.3d at 243 (holding trial court abused its discretion in dismissing a case for want of prosecution where the notice of intent to dismiss was insufficient for purposes of Rule 165a and for purposes of due process based on the trial court's inherent authority). This due process violation was not cured because the trial court did not hold a post-dismissal hearing on White's motions to reinstate. *See In re Estate of Perez-Muzza*, 2013 WL 979128, at *2 (asserting our determination, in accord with the consensus view of our sister courts, that "both a motion to reinstate and a post-dismissal hearing are required to cure the absence of proper notice of a trial court's intent to dismiss").

## CONCLUSION

We reverse the trial court's order of dismissal and remand this matter to the trial court to reinstate the 2014 Cause on the court's docket.

Rebeca C. Martinez, Justice