

**NUMBER 13-18-00494-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN THE INTEREST OF J.A.M. AND J.M., CHILDREN**

**On appeal from the 214th District Court
of Nueces County, Texas.**

**MEMORANDUM OPINION**

**Before Justices Benavides, Hinojosa, and Perkes
Memorandum Opinion by Justice Hinojosa**

Appellant, the Office of the Attorney General of Texas (OAG), brings a restricted appeal from an order modifying the parent-child relationship that eliminated appellee Jose Antonio Montoya's obligation to pay child and medical support arrears to appellee Ana Lilia Castro on behalf of their minor children.[1] In two issues, which we treat as one, the OAG argues that error is apparent from the face of the record because it did not receive notice of the proceedings on Jose's motion to modify, including the filing by Jose of an

---

[1] Appellees have not filed a responsive brief.

agreed order which the trial court later signed. We affirm in part and reverse and remand in part.

## I. BACKGROUND

Jose, Ana, and the OAG participated in a negotiation conference on August 22, 2011, to determine Jose's child support obligations for Jose and Ana's minor child, J.A.M. On September 1, 2011, the trial court signed a child support review order reflecting the agreement of the parties, which required Jose to pay $205 in monthly child support, $113 in monthly medical support, and $931.03 in child support arrears. On March 6, 2012, following the birth of their second child, J.M., the trial court signed an order establishing the parent-child relationship and modifying Jose's support obligation. The trial court found that Jose owed $1,791.27 in child support arrears and $453.14 in medical support arrears. It adjusted Jose's monthly child support obligation to $257. On May 29, 2014, the trial court signed an order finding that Jose owed $7,850.82 in child support arrears and $3,495.53 in medical support arrears.

Jose filed a motion to modify the parent-child relationship on February 22, 2017, requesting that he be appointed the sole managing conservator of the children and that Ana pay child support. The OAG filed an intervention on June 6, 2017, asserting that it is a necessary party to the action because Jose's motion seeks to modify a support right assigned to the OAG pursuant to Chapter 231 of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 231.001–.309. In the filing, the OAG alleged that Jose owed $13,885.06 in child support arrears and $8,097.91 in medical support arrears.

The trial court held hearings on Jose's motion on June 28, June 29, and September 22 of 2017. At the September 22 hearing, which was intended to be a final hearing, the trial court ordered Jose and Ana to mediation. The final hearing was later set for February 13, 2018, but it was cancelled. That same day, Jose and Ana attended a mediation, which resulted in a settlement agreement. The OAG did not participate in any of the hearings on Jose's motion, and it did not attend the mediation. Further, the record provides no indication that the OAG was notified of those proceedings.

Jose filed a proposed "agreed" order modifying the parent-child relationship on April 6, 2018. The trial court signed the order on April 10, 2018 without holding a hearing. The order incorporated by reference the mediated settlement agreement, under which Jose and Ana agreed to a "finding that there shall be a judgment against [Jose] in the amount of -0- as of January 31, 2018 for any and all past due child support and medical support obligations." In its order, the trial court found that Jose owed no child support or medical support arrears as of January 31, 2018. The district clerk issued a notice of judgment on April 25, 2018, but the notice does not reflect service to the OAG. This restricted appeal ensued. *See* TEX. R. APP. P. 26.1(c), 30.

## II. RESTRICTED APPEAL

### A. Standard of Review

A restricted appeal is available for the limited purpose of providing a party who did not participate at trial with the opportunity to correct an erroneous judgment. *Mandel v. Lewisville Indep. Sch. Dist.*, 445 S.W.3d 469, 474 (Tex. App.—Dallas 2014, pet. denied); *In re E.K.N.*, 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.). To prevail in a

3

restricted appeal, an appellant must show that: (1) the notice of appeal was filed within six months of the complained-of judgment; (2) the appellant was a party to the suit who did not participate in the hearing that resulted in the judgment; (3) the appellant did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under rule 26.1(a); and (4) the complained-of error is apparent from the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The face of the record consists of all documents that were before the trial court when it rendered its judgment. *Alexander*, 134 S.W.3d at 848–49.

## B.     The First Three Elements are Satisfied

The trial court signed the subject order on April 10, 2018, and the OAG timely filed its notice of restricted appeal five months later on September 10, 2018. *See* TEX. R. APP. P. 26.1(c), 30. The OAG was also a party to the lawsuit, and it did not participate in the proceedings resulting in the modification order. The Texas Family Code authorizes the OAG, the state's designated Title IV–D agency, to enforce, collect, and distribute child support. *Office of the Attorney Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 862 (Tex. 2013); *see* TEX. FAM. CODE ANN. §§ 231.001, 231.101(a)(5)–(6); *see also In re Office of the Attorney Gen. of Tex.*, No. 13-18-00474-CV, 2018 WL 5274147, at *4 (Tex. App.—Corpus Christi–Edinburg Oct. 23, 2018, orig. proceeding) (mem. op.). When the OAG provides Title IV–D services, as it did in this case, it becomes entitled to an assignment of child support rights. *See* TEX. FAM. CODE ANN. § 231.104; *Scholer*, 403 S.W.3d at 862 (discussing the limited power of assignment provided to the OAG based on applications

for financial assistance or child support services).  Likewise, any child support arrearage belongs to the OAG because of the assignment.  *See In re A.B.*, 267 S.W.3d 564, 565 (Tex. App.—Dallas 2008, no pet.); *see also In re Office of the Attorney Gen. of Tex.*, 2018 WL 5274147, at *4.

Next, the record reflects that the OAG did not timely file a post-judgment motion,[2] request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under Rule 26.  *See Alexander*, 134 S.W.3d at 848.  Having satisfied the first three elements, we now consider whether the OAG has identified error that is apparent from the face of the record.  *See id*.

### C.      Error Apparent from the Face of the Record

We first address the OAG's contention that it was deprived of due process because it did not receive notice of the hearings on Jose's motion to modify the parent-child relationship or of the submission of the agreed modification order.

#### 1.      Applicable Law

A party who makes an appearance in a case is entitled under the due process clause to notice of a trial setting.  *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989); *In re Marriage of Runberg*, 159 S.W.3d 194, 197 (Tex. App.—Amarillo 2005, no pet.).  A hearing on a motion to modify constitutes a "trial setting" of which an appearing party is entitled to notice.  *See Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985); *Welborne-Hosler v. Hosler*, 870 S.W.2d 323, 328 (Tex. App.—Houston [14th Dist.] 1994, no writ); *see also Zicker v. Stewart*, No. 03-04-00438-CV, 2006 WL

---

[2] We note that the OAG filed a motion for new trial.  However, it was untimely.

5

191787, at *3 (Tex. App.—Austin Jan. 27, 2006, no pet.) (mem. op.). Failure to give proper notice "violates 'the most rudimentary demands of due process of law.'" *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965)); *see In re K.M.L.*, 443 S.W.3d 101, 119 (Tex. 2014). "[A] judgment entered without notice or service is constitutionally infirm." *Peralta*, 485 U.S. at 84; *see In re Guardianship of Jordan*, 348 S.W.3d 401, 405 (Tex. App.—Beaumont 2011, no pet.) ("The constitutional right to due process of law restricts the ability of a court to render a judgment binding a party without proper notice.").

### 2. Analysis

We are guided in our review by this Court's opinion in *In re Office of the Attorney General of Texas*, which involved nearly identical facts but in the context of a petition for writ of mandamus. *See* 2018 WL 5274147, at *1. In that case, the OAG provided Title IV-D services to Mother which resulted in an order requiring Father to pay monthly child support for the parties' minor child. *Id.* Father's attorney later sent an "Agreed Order to Reduce Past Child Support to Judgment" for the trial court's "review and approval." *Id.* The OAG did not receive a copy of the order, and the trial court did not hold a hearing on the matter. *Id.* The trial court later signed the agreed order which reduced Father's past child support obligations to zero and ordered the OAG to correct the amount of child support arrears to reflect a zero balance. *Id.* After the OAG received a copy of the signed order from Father's counsel, it petitioned this Court for mandamus relief. *Id.* at *2.

We concluded that the OAG was entitled to notice and a hearing concerning the reduction of child support arrears because the OAG possessed an assignment through

6

its status as a Title IV-D agency. *Id*. at *5. It was undisputed that the trial court signed the agreed order without providing the OAG notice and a hearing. *Id*. at *6. Therefore, we held that the trial court's actions resulted in a violation of due process rendering the agreed judgment "constitutionally infirm." *Id*. Accordingly, we conditionally granted mandamus relief and directed the trial court to vacate the agreed order. *Id*. at *7.

The present case differs from *In re Office of the Attorney General of Texas* only in its procedural posture. As explained above, our review in this restricted appeal is constrained to error apparent from the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Alexander*, 134 S.W.3d at 848. An appellant who alleges error apparent from the face of the record due to the absence of notice carries a heavy burden because the record will not usually show affirmative proof of the error claimed. *Gen. Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 943–44 (Tex. 1991). "[M]ere silence as to whether notice was sent does not establish that notice was not sent or that it was sent to the wrong address. Accordingly, when the record does not reflect whether notice was sent, that is insufficient to establish reversible error in a restricted appeal proceeding."[3] *Alexander*, 134 S.W.3d at 850.

Here, the record is not silent. Having appeared in the case in relation to the assignment of child support rights, the OAG was entitled to notice of the proceedings on Jose's motion to modify the parent-child relationship. Jose filed the proposed "agreed" order on April 6, 2018. The order incorporates a mediated settlement agreement by

---

[3] "The appropriate remedy when extrinsic evidence is necessary to the challenge of a judgment is by motion for new trial . . . or by bill of review filed in the trial court." *Gen. Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 944 (Tex. 1991).

reference which is signed only by Jose and Ana. The trial court signed the proposed order four days later without holding a hearing. This sequence of events affirmatively demonstrates an absence of notice to the OAG of the proceedings resulting in the trial court's modification order. *See Campbell v. Stucki*, 220 S.W.3d 562, 570 (Tex. App.—Tyler 2007, no pet.) (holding that the trial court deprived the adverse parties of an opportunity to be heard by signing an order on a motion to release garnished funds without holding a hearing); *see also In re Office of the Attorney Gen. of Tex.*, 2018 WL 5274147, at *6; *Garcia v. Harding*, 545 S.W.3d 8, 14–15 (Tex. App.—El Paso 2017, no pet.) (holding that the trial court abused its discretion in entering judgment on a Rule 11 agreement without proper notice); *Woods v. Schoenhofen*, 302 S.W.3d 576, 579 (Tex. App.—Amarillo 2009, no pet.) (concluding in restricted appeal that the trial court's action in dismissing the case for want of prosecution without a hearing was an abuse of discretion apparent from the face of the record). We conclude that error is apparent from the face of the record. *See Alexander*, 134 S.W.3d at 850. We sustain appellant's first issue.[4]

The OAG notes that its interest in this case is limited solely to Jose's child support and medical support arrears. Therefore, it prays only that we reverse that portion of the trial court's judgment pertaining to Jose's past child support and medical support obligations. We agree that the OAG was deprived of its due process rights only with

---

[4] Our resolution of the OAG's first argument is dispositive of the appeal. Therefore, we need not reach the OAG's alternative argument that the trial court erred in granting judgment on a mediated settlement agreement which did not bind the OAG. *See* TEX. R. APP. P. 47.1.

respect to its interest in the judgment. Accordingly, we will reverse only that portion of the judgment of which the OAG complains.

### III. CONCLUSION

We reverse that portion of the trial court's judgment pertaining to Jose's child support and medical support arrears. We affirm the remainder of the trial court's judgment. We remand the case for further proceedings consistent with this memorandum opinion.

LETICIA HINOJOSA
Justice

Delivered and filed the
8th day of August, 2019.