

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00541-CV

Richard **LARES**,
Appellant

v.

Karina **GUEVARA**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-12518
Honorable Peter Sakai, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Luz Elena D. Chapa, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: October 28, 2020

VACATED AND REMANDED

Richard Lares, an inmate proceeding *pro se*, appeals a final order dismissing his suit for want of prosecution. Lares's response to the trial court's notice of dismissal was deemed timely filed under the prisoner mailbox rule, but was not on file with the trial court clerk or accessible to the trial court before Lares's suit was dismissed. Under the unique circumstances presented by this case, we vacate the trial court's order of dismissal and remand for the trial court to reconsider whether to dismiss Lares's suit in light of Lares's response.

**BACKGROUND**

On July 27, 2016, Lares sued his ex-wife, Karina Guevara, for misapplication of fiduciary property and testifying falsely during their divorce proceeding and Lares's criminal trial. Lares alleged Guevara's misconduct wrongfully deprived him of $120,000 in Veteran's Affairs benefits, resulted in a $11,753.30 child support obligation, and caused his wrongful conviction. Lares certified he mailed a copy of his pleading to Guevara.

Between July 2016 and September 2017, Lares filed several motions and amended his petition. In January 2018, Lares filed a letter with the clerk asking to set an unspecified motion for an April 2018 hearing. The clerk's record contains copies of letters from court staff attorneys notifying Lares that the court could not rule on any motions until Guevara was served. One of the letters noted a form for requesting service of process was enclosed. Another letter states Lares sent the request to the staff attorney and not to the clerk to be filed in the court. The appellate record contains no indication that Guevara was ever properly served with process.

On May 27, 2019, the trial court signed the following order:

**ORDER SPECIALLY SETTING FOR DISMISSAL FOR WANT OF PROSECUTION**
**IN THE 37th JUDICIAL DISTRICT COURT OF BEXAR COUNTY, TEXAS**          Page: 1

It appearing to the Court that the following case(s) have been on file for an extended period of time and have not been prosecuted, the Court is of the opinion that in accordance with the Supreme Court guidelines they should be specially set for dismissal for want of prosecution.

It is therefore ordered, that the following entitled and numbered case(s) be, and they are hereby, specially set for dismissal onTuesday the 9th day of July, 2019 at 8:30 A.M. unless good and sufficient cause is shown for their retention on the Docket.

Dismissal should be with costs assessed against Plaintiffs.

The order listed Lares's suit against Guevara as one of the cases to be dismissed for want of prosecution. On July 9, 2019, the trial court signed a final judgment dismissing Lares's suit for want of prosecution. Lares timely filed a notice of appeal.

## DISCUSSION

"An appellate court reviews a trial court's decision to dismiss for want of prosecution under the abuse of discretion standard." *Saldana v. Hinojosa*, 517 S.W.3d 239, 241 (Tex. App.—San Antonio 2017, no pet.). "A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles." *Id.* "A corollary principle is that an appellate court may not reverse for abuse of discretion merely because it disagrees with the trial court's decision." *Id.*

A trial court has authority to dismiss for want of prosecution under its inherent power and Rule 165a of the Texas Rules of Civil Procedure. *Id.* "Rule 165a provides that a trial court may dismiss for want of prosecution . . . when a case has not been disposed of pursuant to the time standards promulgated by the Texas Supreme Court." *Id.* "Under common law, a trial court has inherent power to dismiss when a plaintiff fails to prosecute his case with due diligence." *Id.* This inherent power "arises from a trial court's power to control its docket." *Id.* "Before a trial court may dismiss pursuant to either Rule 165a or its inherent authority, the party subject to dismissal must be provided with notice and an opportunity to be heard." *Id.*

Lares filed his original petition on July 27, 2016. The time standards promulgated by the Texas Supreme Court required disposition of the case in eighteen months at most. *See* TEX. R. JUD. ADMIN. 6(a). The trial court permitted Lares's case to remain on the docket for thirty months, until May 2019, before notifying Lares that, without a showing of good cause, his suit would be dismissed for want of prosecution.

Although the appellate record does not contain any response to the trial court's notice of dismissal, Lares attached to his brief a document he swore he had mailed for filing. Ordinarily, we "must decide cases based on the appellate record as filed, and may not consider documents attached as appendices to briefs." *Carter v. Ball*, No. 04-19-00194-CV, 2019 WL 5030227, at *2 at n.4

(Tex. App.—San Antonio Oct. 9, 2019, no pet.) (mem. op.). However, *pro se* litigants who are incarcerated generally lack control over whether prison officials timely mail legal filings and whether mailed filings are properly placed in the custody of the court clerk for filing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007) (per curiam); *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (per curiam). Under the prisoner mailbox rule, an incarcerated *pro se* litigant's legal instruments are therefore deemed filed "at the time the prison authorities duly receive the document to be mailed." *Warner*, 135 S.W.3d at 684. However, the prisoner mailbox rule requires some measure of proof that a prisoner timely provided a filing to prison authorities. *See Ramos*, 228 S.W.3d at 673.

Lares attached to his brief a document titled "Petition," which purports to be a June 18, 2019 request that the clerk provide him with information about the cost and fees for serving Guevara. Lares argues the trial court clerk refused to file this document, among others, attached to his brief. Before the briefs in this appeal were filed, Lares objected to the clerk's record for failing to contain the missing items, and the trial court clerk filed a supplemental clerk's record. The supplemental clerk's record does not contain the filing Lares attached to his brief. However, Lares swore under the penalty of perjury that the exhibits attached to his brief were true and accurate copies of what they purported to be. In the "Petition" document, Lares responded to the trial court's dismissal order and explained why Guevara had not yet been served.

Lares's certificate of mailing constituted some measure of proof that he placed his response in the hands of prison authorities for mailing on or before the date it was due to be filed. *See Enriquez v. Livingston*, 400 S.W.3d 610, 622 (Tex. App.—Austin 2013, pet. denied). We abated this case for the trial court to make findings of whether and when Lares handed his response to

prison officials for mailing.[1] The trial court found Lares's response was handed over to prison officials for mailing on June 18, 2019, but was never received by the trial court clerk. Under the prisoner mailbox rule, Lares's response was therefore deemed filed on June 18, 2019. *See Warner*, 135 S.W.3d at 684. But, because the response was never received by the trial court clerk, the trial court lacked the opportunity to consider whether Lares's response showed good and sufficient cause for retaining his suit on the trial court's docket.

As previously noted, our standard of review is an abuse of discretion. *See Saldana*, 517 S.W.3d at 241. We cannot say the trial court abused its discretion by failing to consider a response that was not available to the trial court when dismissing Lares's suit. However, Lares complains he was denied his right to be heard on the issue of whether there was good and sufficient cause for retaining his suit on the court's docket, and Lares had the right to be heard before the trial court could properly dismiss his suit for want of prosecution. *See id.* The record on appeal, as supplemented after the case was remanded for the trial court's findings, establishes Lares was denied his right to be heard before the dismissal of his suit.

## CONCLUSION

Considering the unique circumstances presented in this case, we vacate the trial court's order of dismissal and remand for the trial court to reconsider whether to dismiss Lares's suit in light of Lares's June 18, 2019 response.

Luz Elena D. Chapa, Justice

---

[1] Although the Austin court of appeals has held a certificate of mailing raises a rebuttal presumption, we note that in pre-service cases—such as this one—the opposing party may have no notice of the need to specially appear in the case to present evidence to rebut the presumption of mailing and, in some cases, lack access to prison mail logs to rebut any such presumption. *See Enriquez*, 400 S.W.3d at 622. As we noted in our abatement order, such certificates of service are not conclusive proof of mailing. *See* TEX. R. APP. P. 9.2(b)(2). We therefore remanded for the trial court to determine whether the Lares timely handed his response to prison officials for filing.